REVERSED AND REMANDED.

THE other judges concur.

---

JOHN J. DUNBAR, PLAINTIFF IN ERROR, V. B. B. BRIGGS, DEFENDANT IN ERROR.

1.  **Trial:** THREE TRIALS: VERDICT SUSTAINED. When a case has been tried three times, the verdict of the jury each time being in favor of the plaintiff, the court will not set aside the third verdict as being against the weight of evidence, unless it is clearly wrong.
2.  Instructions given set out in the opinion, *Held,* Not erroneous.

ERROR to the district court for Johnson county. Tried below before DAVIDSON, J.

*A. H. Babcock* and *A. Hardy,* for plaintiff in error, cited: *City of Crete v. Childs,* 11 Neb., 256.

*J. E. Bush* and *Hurley & Crane,* for defendant in error, cited: *Bryant v. R. R. Co.,* 63 Iowa, 465.   *Chittenden v. Evans,* 48 Ill., 52.

MAXWELL, J.

This cause was before this court in 1882, and is reported in 13 Neb., 332, the judgment of the court below being reversed and the cause remanded. After the cause was remanded application was made to the district court to change the place of trial, and the cause was thereupon transferred to Johnson county, and a trial had, which resulted in a verdict and judgment for the defendant in error.

The action is brought upon a promissory note, of which the following is a copy: " $900.00.   Beatrice, Neb., July 28, 1879. . Sixty days after date I promise to pay to order of B. B. Briggs, nine hundred dollars, at the office of Smith Bros., Bankers.   Value received.   John J. Dunbar."  The defendant below (plaintiff in error) in his answer admits the making of the note, but alleges that it was given for the purchase price of thirty-seven Texas horses and mares; that Briggs warranted them to be sound and free from disease, and that the defendant purchased the same on the faith of the warranty; that all of said horses were diseased at the time of said purchase with a disease known as Texas itch, which fact was wholly unknown to the defendant; that the defendant, relying upon the warranty, turned said Texas horses in with his herd containing more than one hundred horses, and the Texas horses being affected with said disease communicated the same to the entire herd; that all the horses purchased from the plaintiff died with said disease and about sixty-five head of the other horses in said herd.   The defendant

therefore prays for judgment on his counter-claim for the sum of $30,000.00. The reply is a general denial.

The first error relied on is, that the verdict is not sustained by sufficient evidence and is contrary to law, and the second, third, and fourth assignments are to the same effect, and will be considered with the first.

It may be conceded that the testimony shows that Briggs warranted the horses to be sound; and in our opinion the clear weight of the evidence shows that they were sound at the time of the sale to Dunbar. The sale was made the latter part of July, 1879, and it is pretty clear that none of the horses in question were affected with the disease until two or three months afterwards. The witnesses disagree as to the exact time, and it is not material in this case except as showing that the horses were not diseased when Dunbar purchased them.

The plaintiff below not only introduced evidence tending to prove that the horses were sound when sold to the defendant, but went further, and introduced testimony tending to prove that the horses in controversy caught the disease from another herd about three months after the purchase. This testimony was not introduced in the former trial and it tends to make clear an otherwise doubtful point in the case, and justified the jury, in connection with other evidence in finding, as they must have done, that the horses were sound when Dunbar bought them.

The fifth objection is overruling certain objections to interrogatories in depositions. Without noticing them at length, there was no such prejudice to the defendant as would justify the reversal of the case.

The defendant asked the court to give the following instruction :

" If it is true that Briggs himself, and also several witnesses for him, who had in various ways been connected with the herd for him, neither knew or had observed that the horses were diseased—this cannot prevail against

the positive testimony of several unimpeached and not otherwise contradicted witnesses, who swear positively that they saw the signs of this disease, known as the 'Texas itch' in Briggs' herd before the delivery of the ponies out of the herd to Dunbar, and among the ponies delivered to Dunbar out of this herd, within a time less than it takes to start and develop these signs."

The court modified it as follows: "If it is true that Briggs himself, and also several witnesses for him, who had in various ways been connected with the herd, neither knew nor had observed that the horses sold said Dunbar were diseased, yet if you are satisfied from the evidence that said horses were, at the time of said sale, in fact infected with said disease known as the 'Texas itch,' this will be sufficient to show a breach of the warranty of the soundness of said horses; if you believe from the evidence there was in fact any such warranty made by said Briggs as claimed by said defendant."

The instruction as given evidently is correct, and the modification was properly made.

In conclusion the court instructed the jury that "the burden is on the defendant to make out his defense or counter-claim by a preponderance of the proofs." This was repeated in another form. The court then added: "But if defendant has established by a fair preponderance of the testimony the defense and counter-claim set up in his answer, then you will find for the defendant and assess his damages at such sum as the testimony shows him entitled to over and above the amount of said note, in the light of the foregoing instruction."

While all that is required is a preponderance of the evidence to establish either a claim or a counter-claim, yet we do not think the use of the word "fair" in the connection in which it is used, particularly when the rule had been correctly stated in the same connection, was prejudicial.

7

This case has been submitted to three juries with the same result, a verdict in favor of the plaintiff below. Under such circumstances, to justify the court in reversing the judgment as being against the weight of evidence, it must be clearly wrong, or there must have been such error in giving or refusing instructions as was palpably prejudicial to the rights of the party complaining. As we find no substantial error in the record, the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.