DAVID H. SKINNER, PLAINTIFF IN ERROR, v. JOHN M. MAJORS, DEFENDANT IN ERROR.

Contract: BREACH. In an action on contract for damages for withdrawing certain cattle from the herd of the plaintiff during the herding season, it being stipulated in the contract that plaintiff should not receive more than two hundred head of cattle in his herd, and it being admitted by the plaintiff on the stand as a witness in his own behalf, that when defendant's cattle were withdrawn from the herd there were 203 other cattle in the herd; and it also appearing from the evidence that plaintiff's herd ground was scant and probably deficient; *Held*, Error on the part of the court to refuse an instruction giving a fair expression of the law as to the right of the defendant to remove his cattle under such state of facts.

ERROR to the district court of Saline county.  Tried
below before MORRIS, J.

*Hastings & McGintie,* for plaintiff in error.

*J. H. Grimm,* for defendant in error.

COBB, J.

This action was brought on a written contract, which I
here copy:

"This agreement, entered into 24th day of April, 1882,
between D. H. Skinner and Mich. Majors, witnesseth, that
the said D. H. Skinner, in consideration of the covenants
of the said Mich. Majors hereinafter set forth, does hereby
let to the said Mich. Majors, on or about the above date,
his herd of cattle, consisting of from 125 to 150 head, to
be herded during the herding season of the year 1882 for
the consideration of one dollar and twenty-five cents per
head for the full herding season, and a *pro rata* amount
for those that may be herded during a part of the herding
season.    The said Mich. Majors, for and in consideration
of the above named amount of money, does hereby cove-
nant and agree to take good and faithful care of the above
cattle, and to see that they have salt not less than twice per
week.    The said Majors also agrees to be responsible for
the cattle while in his care; also, that he (Mich. Majors)
will make good by paying an equivalent for all cattle that
may disappear, or be crippled, or die, or meet with an
accident or injury in any way, except it be by natural death
or by unavoidable accident; and in case of death or injury
the said Mich. Majors agrees to notify the said D. H.
Skinner of the same.    The said Mich. Majors also to fur-
nish the above cattle with plenty of water and pasture at
all times, and in case his pasture should become insufficient
for the cattle before the close of the herding season, the

said Mich. Majors agrees to notify said D. H. Skinner, and allow the said D. H. Skinner to remove his cattle by paying a *pro rata* sum for the time occupied in herding. The said Mich. Majors also agrees to take not more than two hundred head of cattle in his herd." Signed by D. H. Skinner and J. M. Majors.

The action was brought by John M. Majors, plaintiff, against David H. Skinner and John.W. Hitchcock, defendants.

The plaintiff's petition embraces three causes of action, the first being for a breach of the contract above set out; the second being for board and labor furnished and performed by the plaintiff for the defendants to the amount and of the value of ten dollars; the third count being for damages sustained by the plaintiff in and about pursuing the said defendants for the purpose of recovering a certain steer belonging to another party, and for which plaintiff was responsible, and which was driven away by defendants with their herd, and for which damages plaintiff claimed the sum of ten dollars. The plaintiff prayed judgment in the sum of one hundred and fifty dollars.

The defendants answered, denying that they ever entered into the contract declared upon, but admitting that the defendant D. H. Skinner entered into a contract with the said plaintiff of the general tenor and effect of the contract set out in plaintiff's petition. Defendants also allege, in and by their said answer, that, pursuant to said contract and agreement, said D. H. Skinner furnished to said plaintiff 126 head of cattle on the 26th day of April, 1882, and five head of cattle on the 27th day of April, 1882, and nine head of cattle on the 8th day of May, 1882, and took out one head of cattle on the 13th day of May, 1882, to pasture and herd as before agreed upon in said agreement; but that said plaintiff did not take good care of said cattle; did not give them salt twice a week; did not furnish said cattle plenty of water and pasture at all times, and that

said plaintiff did take more than two hundred head of cattle in his herd; that said plaintiff neglected his duties as a herder and carer for cattle, worried and permitted them to be worried by dogs and men; kept them in a close pen or yard during a large portion of the time; neglected to furnish them with salt, and neglected to give them water or pasture, so much so that said cattle became poor and feeble; and that on the 29th day of May, 1882, said D. H. Skinner, under and by virtue of the terms of said agreement, took said cattle and removed them, as he had a right to do, and that said Skinner paid said plaintiff for herding said cattle, at and before the time he took them away from said plaintiff, the sum of $38.00, and then and there duly tendered said plaintiff the further sum of one dollar and five cents, which was all that was due the said plaintiff from these defendants, or either of them. They also allege that one of said cattle of the value of $30 died, and was wholly lost through the neglect of said plaintiff. They deny all other allegations of said plaintiff's petition.

The plaintiff, by his replies, denied each and every allegation of the answer, except as to the number of cattle, and the amount of money paid, and the amount tendered by defendants to the plaintiff.

There was a trial to a jury, with verdict and judgment for the plaintiff against the defendant Skinner for the sum of one hundred and one dollars, and for the defendant Hitchcock and against the plaintiff. The defendant Skinner brings the cause to this court on error.

There are fourteen errors assigned, but it is not deemed necessary to examine more than one of them for the purpose of presenting the conclusion to which I have arrived. Plaintiff in error assigns as error the refusal by the court to give in charge to the jury number 9 of instructions, as prayed by the defendants. The following is the instruction refused:

" 9. If the jury find that Majors took more cattle into his herd than agreed upon, without the consent of Skinner, then Skinner had the right to remove his cattle, and the plaintiff should not recover any damages for the breach of the contract."

This was an action for the breach of a contract. There is no claim for a *quantum meruit*. The plaintiff admitted upon his cross-examination, when on the stand as a witness on his own behalf, that the $38 received by him from the defendants, and the one dollar and five cents tendered, which tender was admitted in the pleadings, was about the contract price for keeping the cattle for the whole length of time that they were in fact in his possession. By the express terms of the contract he agreed " to take not more than two hundred head of cattle in his herd." Upon plaintiff's cross-examination above referred to, he stated that when defendants took their cattle away he had 203 head of other cattle in his herd.

It is apparent from the testimony that the plaintiff's herd ground was limited and of scant dimensions, as well as of inferior quality, and it is placing the construction upon the contract the most favorable to the plaintiff to say that the contract was entered into with special reference to the particular tracts and parcels of land upon which the cattle were to be herded. It is fair also to presume that the plaintiff in error knowing the scant quantity and inferior quality of the grass, was induced to stipulate as he did, that the number of cattle to be herded by the plaintiff, including those of defendant, should not exceed two hundred head. This was a lawful as well as a reasonable stipulation to make, and was as binding on the parties as any provision of the contract, and was one to which the defendants had a right to have the attention of the jury directed by a proper instruction. The instruction above quoted fairly presented the point, and should have been given.

As for the above error there must be a new trial, none of the other errors assigned will be examined.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.