HANCOCK & WALTERS V. WILLIAM H. B. STOUT.

[FILED DECEMBER 31, 1889.]

1. **The Evidence** is examined, and *held*, not to sustain the verdict. If upon the proof plaintiff was entitled to recover at all, the verdict was for less than plaintiff was entitled to by mathematical calculation.

2. **Instructions.** Where there is any evidence to support an issue presented by a party to an action, he is entitled to have the jury instructed with reference to his theory of the case, if supported by competent evidence and presented by the pleadings. A failure on the part of the trial court to so instruct the jury when requested, *held*, erroneous.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Sawyer & Snell,* for plaintiffs in error.

*Webster & Holmes,* for defendant in error, cited: *Ridgeway v. Wharton,* 6 H. L. Cas., 268; *Lyman v. Robinson,* 14 Allen [Mass.], 254; *Methudy v. Ross,* 10 Mo. App., 106; *Brown v. N. Y. C. R. Co.,* 44 N. Y., 86; *Martin v. N. W. Fuel Co.,* 22 Fed. Rep., 596; *Matthewson v. Burr,* 6 Neb., 320; *Severance v. Melick,* 15 Id., 614; *Housel v. Thrall,* 18 Id., 488.

REESE, CH. J.

This action was instituted in the district court of Lancaster county, and was for damages alleged to have been sustained by reason of the non-fulfillment on the part of defendant in error, of a contract, by which he employed plaintiffs in error to do certain work and furnished certain material in the construction of the capitol building. It was alleged in the petition that the plaintiffs were a partnership doing business as contractors and builders;

that defendant was a contractor and builder and was engaged in the erection of the state capitol building in the city of Lincoln ; that on or about the 4th day of February, 1888, plaintiff and defendant entered into an agreement in writing, a copy of which is set out in the petition, and was as follows:

"LINCOLN NEB., 12 December, 1887.

"*Mr. W. H. B. Stout:* We, the undersigned, propose to furnish all the material and do the plain and ornamental plastering, according to the plans and specifications, on state house, to be finished by the first of June, 1888, for the sum of ($3,185) three thousand one hundred and eighty-five dollars. No cementing of piers included.

"HANCOCK & WALTERS."

"OFFICE OF W. H. B. STOUT, CONTRACTOR.
"In reply to yours of December 12, 1887.

"LINCOLN, NEB., February 4, 1888.

"*Hancock & Walters, Lincoln, Neb.:* GENTLEMEN — Your proposal under date of December 12, 1887, to do the plain and ornamental plastering on state house for ($3,185) three thousand one hundred and eighty-five dollars, is accepted.          Yours truly,

"W. H. B. STOUT."

It was alleged that plaintiffs in good faith entered into the contract, and soon thereafter made preparation for its performance by hiring men, purchasing material therefor, and at all times since the making of the contract they have been ready, able, and willing to faithfully perform the same on their part; but that defendant, in violation of the contract, refused to allow them to perform the same, and has deprived them of the benefit arising therefrom by letting the work to another party. That the reasonable profits which plaintiffs would have made, over and above all expenses, had they been permitted to do the work in execution of the contract, would have been $1,000, for which judgment was demanded.

By the answer it was admitted that the proposal set out in this petition, and the answer thereto, were made as therein stated, and it was alleged that after the proposal had been made by plaintiffs, and accepted by the agent of defendant, the defendant discovered that the estimate and proposal of plaintiff did not include the plastering of four certain walls not shown in the plans of the building, and four arches which were ordered to be, and had been constructed by the defendant, and did not include the cost of cementing the piers of the building, and thereupon defendant notified the plaintiffs of such omission and requested them to state an additional amount for the entire and complete work of plastering the building, but they refused to do so or make a complete bid for the whole work. That the defendant, desiring to contract with plaintiff, prepared a contract for the entire work of plastering the building, requested them to sign and execute the same, and state the amount for which they would do the work, which they refused to do. Thereupon, on the 10th of February, 1888, after waiting an unreasonable time on plaintiffs, the defendant notified them in writing that unless they were willing to conclude the negotiations and enter into a contract to do the work, he would be obliged to award the contract to another party. Plaintiffs still refused to enter into a contract, and after due notice of his intention so to do, defendant contracted with other workmen to perform it. The reply was in substance a general denial.

A jury trial was had which resulted in a verdict in favor of plaintiffs in the sum of $90, whereupon plaintiffs filed a motion for a new trial, which was overruled and judgment rendered on the verdict. They now bring the cause to this court by proceedings in error, alleging that the verdict is not sustained by the evidence, being too small.

It is admitted by defendant in error that the verdict, if returned in favor of plaintiffs at all, should have been for a much larger amount, and it is conceded that a new trial

must be had. Defendant in error has also filed a cross-petition in error, alleging that the district court erred in refusing to give certain instructions, presented by him to be given to the jury.

Upon a careful examination of all the evidence when applied to the instructions of the court, we are unable to see that the verdict of the jury can be sustained. Among the instructions given by the district court were numbers 3, 4 and 5, which we here copy:

"3. You are instructed in this case that the written proposal of the plaintiffs and the written acceptance of the defendant as alleged in the petition, and admitted in the answer, constitute a contract between the parties to this action, binding upon both plaintiffs and defendant, and neither party had a right to change or alter the terms thereof, or cancel or annul the same without the consent of the other.

"4. You are instructed that by the proposition made by the plaintiffs to the defendant, the plans and specifications offered in evidence and relating to the plastering of the capitol building are made a part of the contract between the parties hereto, and should be so considered by you, except that part of the specifications relating to the cementing of piers, the cementing of piers being specially excepted by the plaintiffs in their proposal, should not be considered in this case.

"5. If you find from the evidence that, after the plaintiffs and defendant entered into the contract, plaintiffs were ready, able, and willing to perform said contract, and were prevented from so doing by the defendant letting said work to other parties, and you further find from the evidence that the plaintiffs could have performed their contract as per agreement for a less sum than their contract price with defendant, then you should find for the plaintiffs."

It is conceded that the lowest estimate which could have

been placed upon the value of the profits arising out of the contract, according to the evidence submitted to the jury, was $239; no witness fixing it at any less sum. This being true, the verdict of the jury was not based upon the evidence and should be set aside.

It was contended by defendant in error that within the knowledge of both parties it was the usual custom, and necessary, that a contract in writing, specifying more particularly the agreement made, should be entered into; that a short time after the correspondence set out in the petition was had, defendant notified plaintiffs that an omission had occurred in the estimates which plaintiffs had made in the examination of the building, and plans and specifications, and to which plaintiffs' attention was called, with a request that they make a bid upon the omitted portion of the work and include the same with the bid which they had previously made, and enter into a contract in accordance therewith, and that a contract, according to the usual custom and forms, and of which plaintiffs had knowledge, was prepared and sent to them at the time; that instead of signing the same they returned it to defendant, refusing to enter into any contract, claiming that the correspondence between them was sufficient.

In this view of the case defendant prepared and submitted to the court three instructions and asked that they be given to the jury, which were refused, and to which refusal the defendant excepted. They were as follows:

"1. If the jury find from the evidence that, at or before the time of the award of the contract by defendant to the plaintiffs, the plaintiffs were informed that it would be required of them to enter into and sign a formal contract for the doing of the work, and that after the award the plaintiffs refused to sign and execute the contract claimed to have been furnished to them, or to sign and execute any contract for the work, after request or notice so to do, then the jury are instructed, as a conclusion of law, from such fact, that

the refusal of plaintiffs to sign and enter into formal contract might properly be treated by the defendant as a refusal of the work.

"2. If the jury find from the evidence that the signing of a formal contract for the work was contemplated by the parties, at or before the award of the work on plaintiffs' bid to be done, then the failure of the plaintiffs to sign a contract, or to tender to sign a contract for the work awarded to them, unless waived by the defendant, is a waiver of all rights under the award so made.

"3. If the jury find from the evidence that defendant requested plaintiffs to enter into and sign a formal contract for the work awarded to them, and that they refused so to do, or to tender to sign or enter into formal contract for the work, and that after request of defendant to plaintiffs to enter into contract they refused so to do, or to tender to sign a contract for the work so awarded, and that after such refusal the defendant relet the work to other parties, then the jury will find for defendant."

While these instructions cover substantially the same ground, yet we think defendant was entitled to have their substance submitted to the jury. The evidence submitted by the parties was conflicting. If it was true, as claimed by defendant in error, that plaintiffs in error refused to enter into any contract for the performance of the work, knowing at the time they made the bid that such would be required, and that it was the custom of defendant in error to enter into written contracts with the persons to whom they were awarded, we think it quite clear that such a refusal would be an abandonment of the award on their part and that they could not recover damages by reason of the contract having been let to other parties and the work performed by them. As to whether the correspondence between the parties was a completed contract, would depend largely upon the understanding and intention of the parties at the time of the correspondence. If they understood the first com-

munication to be a proposal and the second an acceptance thereof upon condition that a formal contract was to be entered into in accordance with the usual custom of defendant, then the contract would not be completed so as to bind defendant until the formal contract was entered into. This was a question of fact under the issues presented by the pleadings and evidence which should have been submitted to the jury for their determination.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.