Boice v. Palmer.

---

PATRICK BOICE V. JACOB PALMER.

FILED JUNE 9, 1898.   No. 8153.

1. **Evidence:** OFFER TO COMPROMISE. In a suit for damages for inducing the purchase of property by false representations an offer of plaintiff to compromise his differences with the defendant before suit brought is incompetent evidence.

2. **Instructions:** ISSUES. A party to an action is entitled to have the jury instructed with reference to his theory of the case, when the pleadings present the theory as an issue and it is supported by competent evidence.

3. **Witnesses:** INTEREST IN SUIT. The law does not raise against a

witness the presumption of dishonesty because of his interest in the result of the suit in which he testifies.

4. ———: ———: INSTRUCTIONS. Where a defendant to a suit testifies on the trial in his own behalf, it is error for the court to charge the jury that, "as a general rule, a witness who is interested in the result of a suit will not be as honest, candid, and fair in his testimony as one who is not so interested."

ERROR from the district court of Sarpy county. Tried below before BLAIR, J. *Reversed.*

*T. J. Mahoney* and *C. J. Smyth,* for plaintiff in error.

*James Hassett,* contra.

RAGAN, C.

On February 21, 1894, Patrick Boice caused to be sold at public sale at his farm in Sarpy county certain of his property and stock, among the latter a jack. The jack was purchased by Jacob Palmer. In the district court of that county Palmer subsequently sued Boice, alleging that before he bid for and purchased said jack Boice represented to him that the jack was sound, all right, and a sure foal-getter; that, relying upon these representations, he purchased the jack and paid for him the sum of $445; that the representations made by Boice were false; that the jack was then and there diseased, of no value whatever, and soon thereafter died. There was the usual prayer for damages. Palmer had a verdict and judgment, and Boice has brought the proceeding here for review on error.

1. The first assignment of error relates to the action of the district court in permitting Palmer to testify concerning an offer of compromise made by him to Boice with reference to the differences between them growing out of the purchase of this animal. We cannot state this contention better than by quoting the record, observing that the questions were properly objected to at the time by Boice and his objections overruled, and that a motion by him to strike out the testimony given by Palmer was also overruled.

Q. After the veterinary came there I will ask you if you had any conversation with Mr. Boice in reference to it?

A. After the veterinary came there?

Q. Yes, sir.

A. Yes, sir. After the veterinary came there I went and seen Mr. Boice; I had made up my mind—

Q. Now you may state what that conversation was.

A. I went to Mr. Boice and told him that the jack I bought was about to die, and I came over to see whether he wouldn't do something about that note I had given him, and I wanted to get the note back. And I told him I thought it was going to die, and I says, "I come over to see what you are going to do about the note. I want to get my note back." Mr. Boice said that he wouldn't do anything. I says, "Mr. Boice, you know very well that I have had nothing out of the animal." I says, "I have never bred a mare to him. I haven't got a dollar out of him in any way. He has been so I couldn't use him, and you knew he was diseased when you sold him to me." He says, "Well, I won't do anything. When you bought him I didn't give any warranty. You took him just as I did. That is the way you took him. You bought him at public sale, and what are you going to do about it?" I says, "I come over here to settle with you," I says, "and rather than get into a lawsuit," I told him, "Mr. Boice," I says, "I am a poor man and so are you," I says, "and rather than get into a lawsuit with you I would rather make you a present of $100 and get the note back, and if the jack lives, which I don't think he will, you can have him." He says, "I won't do anything of the kind." I told him, "Mr. Boice, I will have to take action against you for to recover the note." He says, "Go and sue me, and I will employ the best attorney in the state to defend me," and that concluded my conversation with him there.

We think the admission of this testimony was prejudicially erroneous. Palmer did not bring this suit for

a rescission of the contract of sale. His action was one for damages and the issues were whether Boice had warranted this jack, and if so whether the warranty had failed; and this evidence did not tend to prove or disprove these issues, but it was calculated to prejudice the jury against Boice by making it appear that he was of a litigious disposition and unwilling to compromise his differences with his neighbors, instead of going to law,— a very potent argument to juries in cases like this. (*Kierstead v. Brown*, 23 Neb. 595; *Eldridge v. Hargreaves*, 30 Neb. 638.)

2. Palmer's contention upon the trial—and the evidence in his behalf tended very strongly to sustain it— was that when the jack was led out for sale, and after several bids had been made upon him, he inquired of the auctioneer as to the soundness and quality of this animal for the purposes for which he was kept; that the auctioneer then turned to Boice, who was standing by, and repeated Palmer's question to him, and thereupon Boice answered: "I will warrant him to be as sound as a dollar and all right and to be a good foal-getter." On the other hand Boice testified positively that at the time the jack was sold he was not near the auctioneer's stand, nor within hearing distance of what was going on; that the auctioneer did not propound any question to him concerning the jack; that he made no representations as to his health or quality to any one, and that he did not authorize the auctioneer to warrant him in any respect whatever. In fact, that the auctioneer asked him no questions concerning the jack. Boice requested the district court to give to the jury the following instruction: "If you should find that any statement or representations respecting the condition of the jack were made at or immediately before the sale by the auctioneer, you should wholly disregard such statements, unless you find from the evidence that they were authorized by the defendant or known to the defendant before the sale was consummated." The court refused to give

this instruction and Boice excepted.  In this respect we think the district court erred.  The court had already instructed the jury that any representation or warranty made by the auctioneer with the authority of Boice should be regarded as a representation or warranty made by Boice himself.  This was correct, as Palmer's contention was that the warranty or representation was made by the auctioneer by authority of Boice; and whether the auctioneer made this representation, and if so, whether he made it by authority of Boice, were issues in the case, and the court, by the instruction given, correctly submitted Palmer's theory of the case to the jury; but the court refused to submit Boice's theory of the case to the jury by denying the instruction under consideration.  A party to an action is entitled to have the jury instructed with reference to his theory of the case when the pleadings present the theory as an issue and it is supported by competent evidence.  (*Billings v. McCoy*, 5 Neb. 187; *Skinner v. Majors*, 19 Neb. 453; *Gilbert v. Merriam Saddlery Co.*, 26 Neb. 194; *Hancock v. Stout*, 28 Neb. 301; *First Nat. Bank of Madison v. Carsons*, 30 Neb. 104.)

3. The district court, in an instruction numbered 14, among other things charged the jury as follows: "As a general rule, a witness who is interested in the result of a suit will not be as honest, candid, and fair in his testimony as one who is not so interested."  What the learned district court says may be true, but we are persuaded that a court should never give such an instruction as this.  The law does not raise against a witness the presumption of dishonesty because of his interest in the result of a suit in which he testifies.  True, the jury have a right to take into consideration the witness' interest in the result of the suit on trial in determining what credit shall be given the witness' testimony; but the credibility of witnesses and the weight to be given their testimony is solely for the jury, and a trial court should not instruct the jury that the law is that a witness who is interested in the result of a suit will not be as honest, candid, and

fair in his testimony as one who is not interested. (*Van Sickel v. Buffalo County,* 13 Neb. 103; *Preuit v. People,* 5 Neb. 377; *Olive v. State,* 11 Neb. 34; *Howell Lumber Co. v. Campbell,* 38 Neb. 567; *Murphy v. Virgin,* 47 Neb. 692; *Dixon v. State,* 46 Neb. 298; *Argabright v. State,* 49 Neb. 760.)

For the errors indicated above the judgment of the district court must be reversed and the cause remanded.

REVERSED AND REMANDED.