### HARVEY N. LINK V. SYLVESTER O. CAMPBELL.*

FILED JULY 13, 1904.   No. 13,500.

1. **Instructions: ERROR.** An instruction which submits to the jury the affirmative of an issue which there is insufficient evidence to maintain is prejudicially erroneous.

2. **Trial: EVIDENCE.** A preponderance of evidence is all that is required to maintain an issue in a civil action.

ERROR to the district court for Antelope county: JOHN F. BOYD, JUDGE. *Reversed.*

*Jackson & Williams* and *Roscoe Pound,* for plaintiff in error.

*Samuel J. Tuttle* and *William V. Allen, contra.*

AMES, C.

Plaintiff and defendant are the owners, respectively, of adjoining governmental subdivisions, or tracts of land. There is no dispute about the title of either, but the divisional line between them is a section line, and the government surveyor's monuments at the corners of the sections have been effaced by time and the action of the elements, and the plaintiff, claiming that the defendant

---

* Rehearing allowed.   See opinion, p. 310, *post,*

had encroached upon a strip of his tract lying along the section line, began this action in ejectment to recover possession.

The sole subject of the controversy is the location of the line and each party offered evidence in support of his contention, thus producing a sharp conflict in the evidence.

One of the instructions given, and excepted to, submitted to the jury the defense of 10 years' adverse possession which was pleaded in the answer, but which was admitted on the oral argument to be without sufficient support by the evidence.

Another instruction, also excepted to, advised the jury that the plaintiff "must recover, if at all, upon the strength of his own title to the property in controversy and that he cannot rely upon any alleged weakness or want of title in the defendant, and if the plaintiff has failed to prove his title and right of possession to the land in dispute by a fair preponderance of all the credible evidence, you must find for the defendant." There were a verdict and judgment for the defendant and the plaintiff prosecutes error.

We think that both of these instructions were erroneous. From the former of them the jury had a right to infer, and perhaps did infer, that there was evidence sufficient to support a finding of adverse possession, and for aught that we know to the contrary, their verdict may be founded upon that supposition. It seems to us very nearly self-evident, that an instruction submitting to a jury the affirmative of an issue which there is insufficient evidence to maintain, is prejudicially erroneous.

Eliminating the defense of limitations, as upon this record must necessarily be done, there is no question of title involved in the litigation. The sole controversy is about the definition of a boundary line and rights of possession dependent thereon. The latter of the foregoing instructions has no meaning applicable to this record, unless it is interpreted as requiring the plaintiff to es-

tablish his contention as to the location of the boundary line, with that degree of certainty which is required of a plaintiff in ejectment in proving his title when the latter is in dispute, and this requirement is emphasized by qualifying the word "preponderance" by the word "fair." It is true that in *Altschuler v. Coburn*, 38 Neb. 881, this court held that the use of the word "fair" in a like connection was not error, citing *Dunbar v. Briggs*, 18 Neb. 94, and showing quite distinctly that there is no practical difference between such use and a similar employment of the word "clear," which latter was condemned in *Search v. Miller*, 9 Neb. 26, and in *Marx & Kempner v. Kilpatrick*, 25 Neb. 107, and in several other cases. But these latter cited cases were not overruled. Neither were they overruled in *Dunbar v. Briggs, supra,* which is entirely consistent with them. It was there held that the use of the qualifying word "fair," in one instruction, was not reversible error, because the correct rule was stated in another instruction, and under the circumstances of the case it was evident that the jury could not have been misled. But there is no intimation of an intention to overrule or qualify the preceding opinions written by the same hand, nor any evidence of dissatisfaction with them. On the other hand, the writer indicates quite clearly that, in his opinion, the use of any expression requiring more than a mere preponderance of the evidence is erroneous, unless the vice is corrected by some other feature of the record. The logical deduction from the argument in the opinion in *Altschuler v. Coburn, supra,* is, therefore, the opposite of the conclusion at which the court arrived, and required a reversal instead of an affirmance of the judgment. In the case at bar the error under consideration is emphasized, rather than otherwise, by directing the attention of the jury, in the same instruction, to the abstract and irrelevant proposition of law that a plaintiff in ejectment whose title is in dispute must recover, if at all, upon the strength of his own title and not because of the weakness of that of his adversary.

. For these reasons, it is recommended that the judgment be reversed and the cause remanded for a new trial.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for a new trial.

REVERSED.

The following opinion on rehearing was filed October 5, 1905. *Judgment of district court affirmed:*

1. Ejectment: GENERAL DENIAL: INSTRUCTIONS. In an ejectment case, title by adverse possession may be proved under a general denial, and, when such title is one of the defenses relied upon by the defendant, he is entitled to have the jury instructed with reference to the same if any competent evidence has been introduced to support that issue, even though the evidence may be contradicted or may be considered insufficient by the jury.

2. ———: ———: ———. In an ejectment case, where the defendant's answer is a general denial, it is not error to instruct the jury that the plaintiff must recover, if at all, upon the strength of his own title to the property, and that he cannot rely upon the weakness of the defendant's title.

3. Instructions. The use in an instruction of the phrase "a fair preponderance of the evidence" criticised, but *held* not to be prejudicially erroneous.

LETTON, C.

The facts in this case are recited in the opinion filed at the former hearing, *ante*, p. 307. At the former hearing, the cause was reversed on account of the giving of two instructions, the first of which submitted to the jury the question of whether or not the defendant Campbell and his grantors had been in possession of the strip of land in controversy for 10 years prior to the time the action was begun. This instruction was held to be erroneous, mainly because it "was admitted on the oral argument to be without sufficient support by the evidence," and it is said that

an instruction submitting the affirmative of an issue which there is insufficient evidence to maintain is prejudically erroneous. We have heretofore said: "Where there is any evidence to support an issue presented by a party to an action, he is entitled to have the jury instructed with reference to his theory of the case, if supported by competent evidence and presented by the pleadings." And this may be considered to be settled law in this jurisdiction. *Hancock & Walters v. Stout,* 28 Neb. 301; *Cunningham v. Fuller,* 35 Neb. 58; *Boice v. Palmer,* 55 Neb. 389; *Western Mattress Co. v. Ostergaard,* 71 Neb. 575.

A re-examination of the record shows that while the evidence is conflicting, a number of witnesses testified to the adverse holding of the tract of land in question for more than 10 years by defendant and his grantors. The force of this evidence is weakened by testimony upon the part of the plaintiff's witnesses, that for a part of the time rent was paid for the use of such land to the plaintiff, but the identity of the tract of land for which rent was paid with that claimed by the defendant is in dispute. The testimony of the defendant's witnesses if uncontradicted would have sustained a verdict based upon adverse possession and this is sufficient to justify the giving of the instruction. The weight and sufficiency of the testimony were for the jury. They may have disbelieved the testimony of one side and believed the other. It is true, that upon the first oral argument in this court, it was admitted by one of the counsel for defendant that the evidence was not very strong upon this branch of the case, but it was not conceded that the question was erroneously submitted. One of the theories upon which the case was tried was that the defendant and his grantors had occupied the premises for the statutory period, and he was entitled to have that question submitted to the jury.

As to instruction number two, requested by defendant, which is assigned as error, it is objected that the instruction so far as it advised the jury that the plaintiff must recover, if at all, upon the strength of his own title to

the property, and that he cannot rely upon any alleged weakness of title in the defendant is erroneous, and it is argued that this is a dispute as to the boundary line and not as to a question of title. But the issue presented by the pleadings was as to the title to a certain strip of land containing about 18 acres. The plaintiff alleged ownership which the defendant denied. The plaintiff was required to establish his title to the same by competent proof of ownership, and if he had failed to do so, he could not recover in the action. At the trial he produced his muniments of title, but he was further required to show, that the particular tract in dispute was covered by the description in his paper title and he was in fact compelled to recover upon the strength of his own title to the property in controversy.

Objection is further made to the phrase "a fair preponderance of evidence" used in this instruction. The use of the expression "a fair preponderance of the evidence" has been repeatedly held by this court not to be reversible error. *Murray v. Burd*, 65 Neb. 427; *Dunbar v. Briggs*, 18 Neb. 94; *Marx & Kempner v. Kilpatrick*, 25 Neb. 107; *Altschuler v. Coburn*, 38 Neb. 881. We agree with the former opinion that the use of the qualifying word "fair" is inadvisable and not to be commended, but as the record stands in this case we cannot see wherein the jury were in anywise prejudiced thereby.

Instruction number eight, as to the weight to be given the original field notes, is complained of. Taken with the other instructions upon this point, we see no error therein. While perhaps its statements would not be sufficiently specific if standing alone, the instructions asked for by plaintiff, and given upon this branch of the case, supply what may be lacking in particularity.

Much the greater part of the evidence in the case, which consists of nearly 500 pages, is directed to the question of where the true original government corners upon the line between sections 15 and 16 were situated, and it is evident that this was considered the most important question in the case. We are satisfied that the attention of the jury

to the determination of this question of fact, was in no wise prejudicially affected, either by these instructions or by the other matters complained of by plaintiff in error.

In the whole case, we find no error prejudicial to the plaintiff in error, and recommend that the judgment of the district court be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.