CHRISTIANA SOUCHEK, APPELLLEE, V. ERNEST KARR, APPELLANT.

FILED MARCH 5, 1909.    No. 15,744.

1. **Evidence Taken on Former Trial.** The official reporter testified that a bill of exceptions of the evidence submitted during a former trial of the case correctly reproduced the testimony of the witnesses. It also appeared that some of those witnesses were nonresidents of and absent from the county during the succeeding

Souchek v. Karr.

trial, and that plaintiff had been unable to secure their depositions or presence. *Held,* That it was not error to permit the testimony of such absent witnesses to be read from the bill of exceptions to the jury.

2. **Appeal:** HARMLESS ERROR: COMMENTS OF JUDGE. The trial court in response ·to an objection to a question propounded to a witness stated that, while he was satisfied upon principle that the witness was not sufficiently informed upon the subject to testify thereto, yet, in deference to a possible construction of the opinion of this court upon a former appeal, he would overrule the objection. *Held,* That, as the point upon which the witness was then interrogated was established without dispute by witnesses for both plaintiff and defendant, the remarks of the court were not prejudicially erroneous, and did not have a tendency to destroy the credibility of the witness concerning her other testimony.

3. **Trial:** INSTRUCTIONS. It is not error to refuse to give an instruction that singles out a witness and informs the jury that she is competent to testify upon a. given subject.

4. **Appeal:** EVIDENCE. If a case has been tried three times, the verdict each time being in favor of plaintiff, this court will not set aside the last verdict as being against the weight of the evidence, unless the evidence is clearly insufficient to support the verdict.

APPEAL from the district court for Seward county: ARTHUR J. EVANS, JUDGE. *Affirmed.*

*R. D. Sutherland, S. A. Searle* and *M. D. Carey,* for appellant.

*R. S. Norval* and *J. J. Thomas,. contra.*

ROOT, J.

Defendant has appealed to this court from a judgment of filiation. A like judgment was reversed on a former appeal. 78 Neb. 488.

1. Defendant argues that the district court erred in permitting the official reporter to read to the jury from a bill of exceptions the testimony of three witnesses given on a former trial of this case. It was admitted in open court when the case was tried that the witnesses were then nonresidents of Seward county and absent there-

from.   It was further shown that plaintiff was without means to secure the depositions of those witnesses or their attendance at court.   The official reporter testified that he had correctly reported the testimony of said witnesses, given on the former trial, and accurately transcribed it into a bill of exceptions, which had been settled and allowed by the clerk of the court in accordance with a stipulation signed by attorneys for the respective parties, and thereupon said testimony was read on behalf of plaintiff. In *Omaha Street R. Co. v. Elkins,* 39 Neb. 480, it was determined that testimony preserved in a bill of exceptions was competent, and, under certain conditions, admissible upon a subsequent trial.   *Smith v. State,* 42 Neb. 356, cited by defendant, merely holds that the certificate of a reporter to a transcript of his notes is not a sufficient foundation to admit that transcript in evidence.   *Pike v. Hauptman, ante,* p. 172; *Vandewege v. Peter, ante,* p. 140.   It is not suggested that the testimony is incorrect, and we are of opinion that it was properly admitted.

2.   Upon a former trial of this case the district court refused to permit a professional nurse, Miss Kealing, who attended plaintiff in childbirth, to testify as to the average period of gestation, and that plaintiff's child when born had the appearance of a fully developed nine months' child. The facts are material because plaintiff's association with defendant was such as to preclude the finding of his guilt if conception had occurred nine months preceding the child's birth.   On the first appeal to this court we held that Miss Kealing was competent to testify upon said points, but the syllabus does not refer to the competency of the witness to testify to the period of gestation.   Upon the last trial the court permitted the nurse to testify upon both subjects; but, referring solely to a question concerning the average length of gestation, the trial judge stated in open court that upon principle it was perfectly clear to him that the witness was not competent to testify, but, in deference to what was written in the body of the former opinion in this case, he would overrule the objection.

Defendant excepted to the judge's remarks as tending to destroy the weight of the witness's testimony. All objections to the other questions propounded to the witness were promptly overruled by the court. Upon the question of the average period of gestation the evidence is not conflicting. The nurse agreed with the physicians called for each side, and we are of opinion that the case should not be reversed for those remarks of the trial judge.

3. Nor did the court err in refusing to give an instruction that the nurse was competent to testify. By admitting that testimony the court decided that it was competent, and its weight was for the jurors, and they were properly instructed upon this point.

4. It is argued that the verdict is not sustained by the evidence. We have read the bill of exceptions, and find the evidence in sharp conflict on many material points, but there is evidence tending to prove every material allegation in the complaint. Three verdicts have been returned in favor of plaintiff, and two motions for a new trial have been overruled. The verdict is not clearly wrong, and ought not to be set aside. *Dunbar v. Briggs,* 18 Neb. 94; *Missouri P. R. Co. v. Fox,* 60 Neb. 531; *Brownell & Co. v. Fuller,* 60 Neb. 558; *Heidemann v. Noxon, ante,* p. 175.

The judgment of the district court therefore is

AFFIRMED.

FAWCETT, J., I am so thoroughly impressed by the evidence that the defendant is not guilty that I cannot concur.