IN RE ESTATE OF ISAAC LARGE, DECEASED. EDNA TUTTLE, APPELLANT, V. BERT A. WYMAN ET AL., APPELLANTS, D. D. ERNST ET AL., INTERVENERS, APPELLEES.

32 N. W. 2d 751

Filed June 11, 1948. No. 32325.

*M. O. Bates, R. E. Bannister,* and *H. W. Baird,* for appellants.

*Davis, Stubbs & Healey* and *Beatty, Clarke & Murphy,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

This appeal involves the estate of Isaac Large, deceased, referred to and involved in the interwoven and interdependent cases of Tuttle v. Wyman, 146 Neb. 146, 18 N. W. 2d 744, and Tuttle v. Wyman, *ante* p. 769, 32 N. W. 2d 742.

Isaac Large died in California on June 17, 1939. In 1932 he executed a will, drawn by a lawyer in Lexington, Nebraska. That will provided in substance for payment of the debts and funeral expenses of deceased out of his personal estate, gave a small cash legacy to a son, Wayne Large, and devised all the rest and residue of his estate, both real and personal, to his daughters, Edna Tuttle and Della A. Wyman, absolutely, share and share alike. It also constituted and appointed Della A. Wyman as executrix.

The will was left in the custody of the lawyer, who, after testator's death, put a notation on the will that Edna Tuttle should be notified. However, before that had been done, the lawyer suddenly died, and it was not until June 1943 that the lawyer's son, going through files preliminary to closing his office during the war, discovered the will and notation thereon. Thereupon he deposited the will with the county judge, and notified Edna Tuttle, who employed Frank M. Johnson as counsel to represent her and thus preserve and protect her rights in the estate of the deceased, which, at the time of his death, consisted not only of the lands involved in the two cases, Tuttle v. Wyman, 146 Neb. 146, 18 N. W. 2d 744, and Tuttle v. Wyman, *ante* p. 769, 32 N. W.

2d 742, but also of the rents and profits thereof from June 13, 1932, to the date of testator's death, all of which Bert A. Wyman and Della A. Wyman held as constructive trustees by virtue of their actual fraud upon him during his lifetime.

In the meantime, Frank M. Johnson, as counsel for Edna Tuttle, had commenced the original suit in her behalf against Bert A. Wyman and Della A. Wyman, and as a result of preliminary proceedings in that action made necessary by them, filed a petition for Edna Tuttle seeking a probate of the will and administration of the estate of Isaac Large, deceased. Her petition sought the appointment of W. Rollin Smith as administrator with the will annexed, whereupon Della A. Wyman joined in the application for probate of the will and administration of the estate, but prayed in her petition therefor that letters testamentary should be issued and delivered by the court to her as executrix for that purpose. The latter instrument does not appear in the record in this case, but it does appear in the record in Tuttle v. Wyman, *ante* p. 769, 32 N. W. 2d 742, and the answer thereto appearing in this record confirms not only the filing thereof but that her interests were adverse to those of Edna Tuttle, she having long prior thereto fraudulently appropriated all of the funds and property of Isaac Large.

After the previous opinion of this court, Tuttle v. Wyman, 146 Neb. 146, 18 N. W. 2d 744, and immediately after entry of the judgment on the mandate of this court therein, the administrator filed an inventory, including the lands involved therein and prospectively the rents and profits thereof when judicially ascertained, from June 13, 1932, to June 17, 1939, the date of the death of Isaac Large.

Thereafter, the administrator, upon being called into military service, resigned, and D. D. Ernst was duly appointed and qualified as successor administrator. He then filed a petition in intervention in Tuttle v. Wyman,

146 Neb. 146, 18 N. W. 2d 744, alleging that as administrator he was entitled to an accounting for and possession of the rents and profits of the lands to which the Wymans had fraudulently taken the legal title and possession from June 13, 1932, to June 17, 1939, for the purpose of paying the cash legacy provided for in the will, and the claims, costs, and expenses of administration prior to distribution, and closing of the estate, in conformity with law. That petition in intervention was pending before the district court at the time of the purported settlement, dismissal, and satisfaction of the judgment, which in Tuttle v. Wyman, *ante* p. 769, 32 N. W. 2d 742, this court held was of no legal force and effect.

In the meantime, claim for a debt of deceased was filed by the Albert J. Reed estate in the Isaac Large estate, together with an application for extension of time for filing thereof, to which the administrator filed objections. That claim and application were denied. No other claims for debts of deceased were filed. However, in the course of administration, Wayne Large, the son, filed a petition to set aside the probate of the will, to which petition the administrator filed an answer, as did also Della A. Wyman. That petition was finally dismissed by Wayne Large without a hearing on the merits.

After the purported dismissal of Tuttle v. Wyman, 146 Neb. 146, 18 N. W. 2d 744, and evidently in furtherance of and in order more effectively to perfect the fraudulent conspiracy as adjudged in Tuttle v. Wyman, *ante* p. 769, 32 N. W. 2d 742, and, in addition, to defraud the administrator out of his costs, expenses, and compensation for his services, and to defraud the attorney for the administrator out of his costs, expenses, and compensation for his services as such, Edna Tuttle and Della A. Wyman joined in a petition and purported stipulation, filed in the Isaac Large estate, praying for dismissal of the administration proceedings and discharge of the administrator. The administrator filed objections thereto and the administrator and his attorney each filed

claims in the county court for the amount of their respective costs, expenses, and services as such.

County Judge M. O. Bates, who at all times had been one of counsel for the Wymans, was disqualified to hear the matter. Therefore, it was heard by E. A. Cook as county judge pro tem, whereupon a decree and judgment was entered, dismissing the entire administration proceedings, discharging the administrator, and allowing the administrator and his attorney nothing upon their respective claims. The administrator and his attorney appealed to the district court therefrom, and after hearing upon the merits, a judgment was entered, vacating, setting aside, reversing, and remanding the judgment of the county court, with directions. In that regard, the decree found and adjudged that the administration proceedings were wrongfully suspended and dismissed, and that the administrator was wrongfully discharged, since it was his legal right and duty to fully administer and close the Isaac Large estate in conformity with law, after payment of the cash legacy as provided in the will of deceased, and any claims against said estate, including the costs and expenses of administration.

Motion for new trial was overruled, whereupon Edna Tuttle and Della A. Wyman appealed to this court. Their assignments of error are substantially that the judgment was not sustained by the evidence and was contrary to the law and the evidence.

Many legal propositions were discussed in the brief which have no relationship whatever to the situation presented, and we will not discuss them here.

Among other contentions, it was argued that the appointment of an executor or an administrator was a useless act and in violation of section 30-1707, R. S. 1943. We cannot sustain that contention. That section is not exclusive but permissive in character, and applicable in any event when only real estate is involved. Further, since no appeal was ever taken from the appointment of either of the two administrators with the will annexed,

that action was not subject to collateral attack. Also, as a matter of fact, Edna Tuttle petitioned for the probate of the will and the appointment of such an administrator, and Della A. Wyman joined with her in a separate petition for like relief, except that she specifically prayed therein to have herself appointed executrix. She did so, evidently, for the purpose of utilizing such position to her own advantage in order to forestall any steps by the representative in seeking an accounting of the rents and profits, funds of the estate already misappropriated by her. Thus she could defraud her sister, since the appointment of a competent administrator, who was not interested adversely to her sister, was necessary to recover from Della A. Wyman such funds belonging to the estate. To permit Edna Tuttle or Della A. Wyman to thus escape the consequences of their own voluntary procedure and action would be but to permit a fraud upon the court, the administrator, and his counsel. They are in no position now to establish such a contention.

Likewise, it was argued that there never were any funds or property in the estate of Isaac Large upon which an administration could be had, since Bert A. Wyman and Della A. Wyman held the legal title thereto at all times. In other words, the contention was in effect that the opinion of this court in Tuttle v. Wyman, 146 Neb. 146, 18 N. W. 2d 744, was a nullity. We cannot so hold.

The effect of the opinion of this court in that case was to hold that, at the time of his death, Isaac Large was the actual owner of all the real estate involved, together with the rents and profits therefrom, on and after June 13, 1932, until his death on June 17, 1939, and that Bert A. Wyman and Della A. Wyman simply held the naked legal title thereto as constructive trustees by reason of their own actual fraud perpetrated upon him in his lifetime. The holding therein was that the entire trust estate was at all times actually a part of Isaac Large's

estate at the time of his death, having been held by the trustees for his use and benefit during his lifetime, and· for the benefit of the legatees and devisees under the will after his death,· subject to the payment of his debts and the costs and expenses of administration. This court did not recognize the validity of the deeds of conveyance to Bert A. Wyman and Della A. Wyman as conveying any interest in the property to them. That opinion and the judgment on the mandate thereof is res adjudicata and not subject to collateral attack. The conclusion, therefore, is inevitable that, if Edna Tuttle or Della A. Wyman ever had any interest in the trust estate, it was solely by reason of the will of Isaac Large, deceased, after the final probate and administration of his estate, in conformity with law, but not otherwise.

That the rents and profits, and even the land itself, if necessary, were subject at all times by statute to the payment of costs and expenses of administration, there can be no doubt. See Hahn v. Verret, 143 Neb. 820, 11 N. W. 2d 551, wherein applicable statutes were discussed and applied.

We conclude that until the cash legacy provided for in the will of Isaac Large was paid, renunciated, or quitclaimed, and the costs and expenses of administration were paid, and final distribution was made, the administration of the estate could not be dismissed and the administrator discharged. To hold otherwise in the case at bar would permit a fraud to be perpetrated on the administrator and his attorney, who both labored diligently to preserve the estate, and would as well becloud the title to the funds and realty involved therein.

For the reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.