STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. MERTON O. BATES, RESPONDENT.

77 N. W. 2d 302

Filed May 25, 1956. No. 33813.

*Clarence S. Beck,* Attorney General, and *Robert A. Nelson,* for relator.

*William S. Padley,* for respondent.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Respondent became a member of the bar of Nebraska in the month of June 1911. He has practiced law at Lexington since 1917 except when he was in military service for about 2 years and during the time he was judge of the county court. He was appointed judge of the county court of Dawson County in the early part of 1942, was thereafter twice elected to that office, and he qualified and served as such officer until January 1953. He was for many years before his appointment as judge of the county court acquainted with and was counsel for Isaac Large, the owner of considerable valuable land in Dawson and Keith Counties. Respondent was familiar with the transactions and affairs of Isaac Large and had accumulated a record of many important transactions involving him, some of which resulted in and were determined by litigation in which he was represented by respondent.

Isaac Large, hereafter referred to as the deceased, died testate June 17, 1939. Proceedings were commenced May 31, 1944, in the county court of Dawson County in reference to his will and for the administration of his estate in which his will was admitted to probate and administration of his estate was granted. The deceased by his will gave his property to his daughters, Edna Tuttle and Della Wyman, as tenants in common.

An action was brought in the district court for Dawson County by Edna Tuttle against Della A. Wyman and her husband to obtain an adjudication that lands owned by the deceased in his lifetime were held in trust by defendants for the benefit of the estate of the

deceased and to secure an accounting of rents and income from the land collected and received by defendants. Tuttle v. Wyman, 146 Neb. 146, 18 N. W. 2d 744. That case was pending in the district court but was not at issue when the proceedings were instituted in the county court for the probate of the will and the administration of the estate of the deceased. Respondent accepted employment by the defendants and he continued as their counsel and conducted the case on their behalf until its termination on July 13, 1945. Respondent disqualified himself and refrained from acting as county judge in the proceedings in the county court in the matter of the estate of Isaac Large, deceased. There was additional litigation in the district court of Dawson County which grew out of the proceedings in the matter of the estate of Isaac Large, deceased, in which respondent was counsel for Della A. Wyman and her husband. That litigation terminated July 7, 1948. In re Estate of Large, 149 Neb. 783, 32 N. W. 2d 751.

The complaint filed in the pending proceedings charges respondent with unprofessional conduct in the practice of law, violative of the law of Nebraska and the canons of professional ethics because while he was judge of the county court of Dawson County he engaged in the practice of law as counsel for litigants in the district court for Dawson County and in the Supreme Court of Nebraska in matters arising in or growing out of proceedings in the county court of that county; that Dawson County had a population in excess of 16,000 inhabitants; and that respondent pursued a course of conduct in the practice of law by him which was in violation of the canons of professional ethics and the law of Nebraska. Respondent by answer denied the charges of improper practice of law made against him. The cause was referred to a referee. His report finds that the evidence sustains all the allegations of the complaint and recommends that respondent be reprimanded and required to pay the costs of this proceeding. Respond-

ent has filed exceptions to the report of the referee.

There is no issue of fact in this cause. The evidence conclusively establishes the charge made by the complaint. The participation of respondent in the litigation referred to above as counsel for parties thereto was a violation of the prohibition of the Constitution that no county judge shall practice law in any court in any matter arising in or growing out of any proceeding in his court. Art. V, § 14, Constitution of Nebraska. This provision is, as respondent asserts, self-executing. It has been considered, interpreted, and applied by this court. In Tucker v. Heirs of Myers, 151 Neb. 359, 37 N. W. 2d 585, it is said: "This provision clearly means, as it applies to a county judge, that such judge may not appear as counsel in any matter in his own court or in any matter in which he would be disqualified if he had acted as county judge. By disqualifying as county judge he may not thereby remove himself from the prohibition of this constitutional provision in any matter in which he would otherwise be prohibited from engaging. * * * It is just as improper to disqualify himself as county judge for any reason and participate in such a trial in the district court in view of the constitutional provision cited. * * * This being true, counsel for appellee was clearly disqualified from appearing as counsel for plaintiff in the district court and for such plaintiff as appellee in this court in the matter presently before us." See, also, State ex rel. Nebraska State Bar Assn. v. Wiebusch, 153 Neb. 583, 45 N. W. 2d 583.

The improper professional conduct ascribed to the respondent by the complaint and verified by the evidence transgressed section 31 of the Canons of Judicial Ethics of the American Bar Association which provide in part: "If forbidden to practice law, he should refrain from accepting any professional employment while in office." It is said in State ex rel. Nebraska State Bar Assn. v. Wiebusch, *supra:* "The ethical standards relating to the practice of law in this state are the

canons of professional ethics of the American Bar Association and those which may from time to time be approved by the Supreme Court. * * * Canons of ethics and rules governing professional conduct of lawyers are recognized and applied by this court in proper cases."

Respondent has interposed laches as a defense. The litigation in which the unprofessional conduct of respondent occurred as charged herein continued until and terminated on July 7, 1948. The complaint before the Committee on Inquiry of the Nebraska State Bar Association was made and filed November 16, 1954. There is no pleading or showing that respondent changed his position or that he was in any manner or degree prejudiced by the time which elapsed after the litigation terminated until the time when the original complaint was made. Laches is an equitable doctrine and it does not result from the mere passage of time. The defense of laches exists only if it is inequitable to enforce the right of the claimant. The objection of laches is not tenable to defeat a cause if there has been no material change in the position of the objector. Schurman v. Pegau, 136 Neb. 628, 286 N. W. 921; Miller v. Miller, 153 Neb. 890, 46 N. W. 2d 618; Watson Bros. Transp. Co. v. Red Ball Transf. Co., 159 Neb. 448, 67 N. W. 2d 475. Lapse of time since the acts on which a disciplinary proceeding is based is generally not available to the respondent as a defense. See, State ex rel. Nebraska State Bar Assn. v. Merten, 142 Neb. 780, 7 N. W. 2d 874; In re Smith, 73 Kan. 743, 85 P. 584; Annotation, 45 A. L. R. 1110.

Respondent violated the constitutional prohibition and the canons of judicial ethics. He is subject to disciplinary action. His improper conduct cannot be justified, condoned, or disregarded. It must be and is condemned. He knew he was not observing the law. He sought out opposing counsel and solicited and obtained his promise not to interpose objections to respondent accepting em-

ployment as a lawyer in and appearing and conducting the litigation for his clients in the belief that opposing counsel alone could object thereto. He scrupulously avoided previous engagements as an attorney in other matters throughout the long years of his incumbency as judge and in his testimony implies that the litigation in which he did appear was considered exceptional because it was "a good lawsuit." Conduct of this character does not enhance the standing of the profession with the public or contribute to the dignity of and respect for the courts of which he is an officer. It justifies an inference of compromise with principle induced by monetary consideration. It manifests a disregard for law. It argues that an attorney who is willing to violate one rule intended to govern his action as judge may likewise be induced to disregard other laws if the inducement is deemed adequate. No officer of the court may be permitted to set the law in defiance with impunity. The obligation of a court is to give effect to the law wisely, impartially, and inexorably.

However, the record presents mitigating circumstances. There is an absence of moral turpitude. The professional transgression was not habitual or repetitious. The employment of respondent and his participation in the related cases were his only indulgence in practicing law during the many years he was judge of the county court. He has otherwise acted honorably. He is near the age of three score years and ten, he is substantially retired, and he does not maintain an office. He has renounced any purpose or desire to attempt to again engage in the active practice of law. His age and circumstance contribute to the probability of his adherence to the determination to have relief from the rigors of active practice of law.

The exceptions to the report of the referee should be and they are overruled. The report of the referee should be and it is approved.

It is the judgment of the court that respondent should

be and he hereby is censured and reprimanded and that the costs and allowances of this cause should be and they are taxed to respondent.

JUDGMENT OF CENSURE AND REPRIMAND.