· STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR
ASSOCIATION, RELATOR, v. LAD V. TESAR, A MEMBER
OF THE NEBRASKA STATE BAR ASSOCIATION, RESPONDENT.
159 N. W. 2d 572

Filed June 14, 1968. No. 36840.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for relator.

Robert C. McGowan and Joseph H. McGroarty, for respondent.

Heard before, WHITE, C. J., CARTER, SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is a disciplinary proceeding initiated on the relation of the Nebraska State Bar Association against the respondent, Lad V. Tesar.

The formal complaint contained two counts. Count One in substance charges respondent with failure to institute legal proceedings to administer an estate although the respondent had agreed to perform the work, and numerous requests and demands had been made on him to perform for a period of more than 3 years. Count Two in substance charges that the respondent failed to prosecute an action on behalf of a client for alienation of affections although the respondent had agreed to prosecute such action. It also alleges that the

petition in the action was prepared by the respondent and signed by the client, but never filed. The respondent mistakenly believed that a longer statute of limitations applied. When he very belatedly discovered that the statute of limitations had barred the filing of the action, he "panicked" and told the client that the petition had been filed. The client did not discover that the petition had not been filed until after the action was barred by the statute of limitations.

With respect to Count One, there is no allegation or evidence that the estate suffered any appreciable or substantial loss by reason of the delay involved. As to Count Two, the extent of the loss, if any, to the client because of the failure to file the petition within the statutory period cannot be reasonably ascertained. The respondent must, of course, accept the responsibility for his failure to institute the action. The respondent had not received nor demanded payment of any costs or fees from the clients involved under either count.

The improper professional conduct here involved was charged as violations of portions of Canons Nos. 15, 21, 22, 29, and 32 of the Canons of Professional Ethics adopted by this court. The ethical standards relating to the practice of law in this state are the Canons of Professional Ethics of the American Bar Association and those which may from time to time be approved by this court. Canons of ethics and rules governing professional conduct of lawyers are recognized and applied by this court in proper cases. State ex rel. Nebraska State Bar Assn. v. Bates, 162 Neb. 652, 77 N. W. 2d 302.

Lawyers who are granted licenses to practice their profession in this state thereby voluntarily assume certain obligations and duties as officers of the courts, and in the performance thereof they must conform to certain standards in relation to clients, to the courts, to the profession, and to the public. State ex rel. Nebraska State Bar Assn. v. Dunker, 160 Neb. 779, 71 N. W. 2d 502.

The basic misconduct here can be characterized as an improper failure to· act, not involving moral turpitude except as to the factual misrepresentations to the client in Count Two. Admittedly, the respondent violated the Canons of Professional Ethics. He is subject to disciplinary action. His improper conduct cannot be justified, condoned, or disregarded.· It must be, and is, condemned.

The respondent has been engaged in the practice of law in this state for approximately 18 years. He should have been, and obviously was, aware of the Canons of Professional Ethics which govern his professional conduct while engaged in the practice of law. He has acknowledged that his conduct has not conformed to the Canons of Professional Ethics and has apologized to the court and bar for such conduct. In view of the circumstances disclosed by the record, we believe the imposition of censure and reprimand is the proper disciplinary action.

The order of the court is that respondent should be and hereby is censured and reprimanded. Costs are taxed to the respondent.

JUDGMENT OF CENSURE AND REPRIMAND.