STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR
ASSOCIATION, RELATOR, V. JOHN MCARTHUR,
RESPONDENT.
326 N.W.2d 173

Filed November 12, 1982. No. 44488.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for relator.

Hyman Polsky of Bailey, Polsky, Cada & Todd, for respondent.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

This is an original proceeding wherein the Nebraska State Bar Association, relator, filed formal charges against John McArthur, respondent, who was admitted to the practice of law in this state on June 10, 1935.

The charges filed in this court on July 20, 1981, allege, among other things, that respondent violated his oath of office as an attorney. That oath is contained in Neb. Rev. Stat. § 7-104 (Reissue 1977), which provides, as it did on the date of respondent's admission: "You do solemnly swear that you will support the Constitution of the United States, and the Constitution of this state, and that you will faithfully discharge the duties of an attorney and counselor, according to the best of your ability."

The record made before the referee of the Third Judicial District Committee on Inquiry reveals that on or about October 1, 1971, respondent filed a "Final Report and Account and Petition for Discharge" with the county court of Lancaster County in the matter of the estate of Hannah Davis, numbered E 21535 in the records of said court. That document was signed by respondent and verified by the executor of the estate, and read in pertinent part

as follows: "Petitioner further shows that the real estate of which decedent died possessed of an interest consists of the following:

"Lot 17, Block 2, Houtz and Baldwin's Subdivision, Lincoln, Lancaster County, Nebraska                          $ 7800

"The South 50 feet of Lot 1, Block 205, Havelock, now Lincoln, Lancaster County, Nebraska                          $ 4290

. . . .

"WHEREFORE, Petitioner prays that his final report and account be approved, that upon payment of the balance of the costs, he be discharged as executor, and that the court determine that the real property be assigned in accordance with the will of deceased and that such other relief as is proper be ordered." Thereafter, the county court entered its final decree confirming and approving the final report and account of the executor and "assigned" the real property to the devisees named in the will. In truth and fact, the Houtz and Baldwin's Subdivision parcel had been sold, on or about May 13, 1969, for $7,500, and the other land had been sold, approximately a year later, for $1,000. The final report failed to disclose the sales, accounted for none of the proceeds, and did not explain the application of such funds.

The referee concluded that the "careless and cavalier attitude of the respondent" toward the county court warranted his censure and reprimand by this court, and so recommended. We observe it is our obligation to review the evidence de novo to determine if discipline should be imposed, and, if it should, the extent thereof. *State ex rel. Nebraska State Bar Assn. v. Michaelis,* 210 Neb. 545, 316 N.W.2d 46 (1982); *State ex rel. Nebraska State Bar Assn. v. Jensen,* 171 Neb. 1, 105 N.W.2d 459 (1960); *State ex rel. Nebraska State Bar Assn. v. Fisher,* 170 Neb. 483, 103 N.W.2d 325 (1960). We judge that mis-

leading a court warrants a more severe punishment than mere public censure and reprimand.

We take note of the fact that almost a decade has passed from the time of the acts in question to the filing of the formal charges. However, a lapse of time occurring since acts on which a disciplinary proceeding is based is generally not available to the respondent as a defense. *State ex rel. Nebraska State Bar Assn. v. Jensen, supra; State ex rel. Nebraska State Bar Assn. v. Bates,* 162 Neb. 652, 77 N.W.2d 302 (1956); *State ex rel. Nebraska State Bar Ass'n v. Merten,* 142 Neb. 780, 7 N.W.2d 874 (1943). There is nothing in this case which demonstrates that the delay has worked to respondent's prejudice as regards this issue.

In disciplinary proceedings involving members of the bar, a presumption of innocence applies; culpability of the person charged must be established by a clear preponderance of the evidence so the court is satisfied to a reasonable certainty that the charges are true. *State ex rel. Nebraska State Bar Assn. v. Michaelis, supra.* In the instant matter there is no question but that the respondent misled the county court by concealing the parcel sales and assisting his client in the filing of a report which did not accurately account for the estate's receipts and disbursements.

The oath taken by the respondent requires him to faithfully discharge his duties and refrain from impeding or obstructing the administration of justice. *State ex rel. Nebraska State Bar Assn. v. Rhodes,* 177 Neb. 650, 131 N.W.2d 118 (1964); *State ex rel. Nebraska State Bar Assn. v. Palmer,* 160 Neb. 786, 71 N.W.2d 491 (1955). Upon admission to the bar one assumes the duties of an officer of the court, and in the performance of those duties he must conform to the ethical standards generally recognized by the profession. *State ex rel. Hunter v. Crocker,* 132 Neb. 214, 271 N.W. 444 (1937). The license to prac-

tice law is granted on the implied understanding that the lawyer shall in all things demean himself in a proper manner and abstain from such practices as cannot fail to bring discredit upon himself, the profession, and the courts. *State ex rel. Nebraska State Bar Assn. v. Palmer, supra.*

There can be no question that concealing material facts from a probate court and presenting a report known by respondent to be less than a true, accurate, and full accounting of the proceeds which came into his client's possession on behalf of the estate served to demean that court of justice and its judicial officer, impeded and obstructed the administration of justice, and brought discredit to respondent, the profession, and the courts.

Respondent's explanation that the report as filed preserved the continuity of title and that anyone who wished more detailed information could ask for it merely describes a lazily slipshod practice; it does not excuse the failure to deal completely and honestly with the facts as they were known to respondent.

To determine whether and to what extent discipline should be imposed, it is necessary that we consider the nature of the offense, the need for deterring others, the maintenance of the reputation of the bar as a whole, the protection of the public, the attitude of the offender generally, and his present or future fitness to continue in the practice of law. *State ex rel. Nebraska State Bar Assn. v. Michaelis, supra.* The record before us fails to disclose that any specifically delineative injuries or other losses occurred as a consequence of respondent's dereliction. We therefore conclude it is not appropriate to disbar the respondent in this instance. Accordingly, we hereby only suspend the respondent from the practice of law for a period of 1 year.

JUDGMENT OF SUSPENSION.