Wright v. Morse.

---

## JOHN H. WRIGHT v. FRANK MORSE.

FILED DECEMBER 9, 1897.   No. 7649.

1. **Review:** CONFLICTING EVIDENCE. The verdict of a jury reached on consideration of merely conflicting evidence will not be disturbed in the supreme court.

2. **Evidence:** OFFER TO COMPROMISE. An offer to compromise a matter in dispute cannot be given in evidence against the party by whom such offer was made.

3. **Execution Sale:** PURCHASE FOR DEFENDANT'S BENEFIT: RIGHTS OF BUYER. Where a party purchased property at an execution sale and paid the purchase price therefor, at the request of the execution defendant to whom such property was subsequently delivered, such party is entitled to recover the amount of such payment from the execution defendant, even though the execution sale, in law, was unauthorized and void.

ERROR from the district court of Boyd county. Tried below before KINKAID, J. *Affirmed.*

*H. M. Uttley,* for plaintiff in error.

*John H. Mosier, contra.*

RYAN, C.

This action was brought in the county court of Boyd county, wherein the plaintiff Morse recovered judgment, from which Wright appealed to the district court of said county, wherein a judgment, similar to that appealed from, was rendered, upon the verdict of a jury. By his petition in error Wright seeks the reversal of this judgment.

By his petition in the district court Morse alleged that, upon the oral request of Wright, Morse had attended a certain sale of cattle upon an execution against Wright; had purchased said cattle for the sum of $128, which he had paid, and that Wright, though he had received the said cattle from Morse, had refused to reimburse Morse as said Wright had agreed to when the aforesaid request to purchase was made. The answer of Wright put in issue the averments of the petition and contained averments that the execution sale was a nullity for reasons which hereafter shall be more fully stated. It admits of some doubt whether or not Morse, by his own testimony given in chief, sustained all the averments of his petition, but from a consideration of all the evidence the jury was justified in finding the verdict which it returned. Plaintiff in error complains because he was not permitted on cross-examination of Morse to show that Morse had offered to accept one-half the amount he had paid on his bid if Wright would pay that sum to him. This was evidently an offer to compromise and was properly excluded. It is also urged as error that the trial court refused to permit Wright to show that the court by which judgment had been rendered against him for the satisfaction of which the cattle were sold to Morse had no legal existence at the time such judgment was rendered. We agree with the district court that, if Morse bought the cattle upon the procurement of Wright, it was immaterial whether the sale was authorized by law or not. Morse, as the jury found upon conflicting evi-

dence, purchased these cattle at this sale purely to subserve some unexplained purpose of Wright, and Wright cannot complain that the sale, technically, was without authority of law.  Wright in his testimony admitted that, even after the sale had been made, he directed Morse to give his check for the purchase price, but required that it should be made non-negotiable, due in ten days, and that, meantime, payment thereof should be forbidden.  From Wright's own testimony it further appears that he himself gave notice not to pay the check, as he claims in pursuance of the advice of one or more lawyers whom he had consulted.  Morse, after this, voluntarily paid the amount of his bid to the constable who had conducted the sale on the execution against Wright, and we cannot say that Morse was without justification in doing this, for neither the neighborly sympathy, nor the contract undertakings, disclosed in the trial of this case, required of Morse that he should, as a matter of accommodation, engage in litigation for the benefit of Wright.  We have found no error in the record and the judgment of the district court is

AFFIRMED.