CHARLES THOMPSON ET AL., APPELLANTS, V. COLFAX COUNTY ET AL., APPELLEES.

FILED JUNE 23, 1921.   No. 21505.

1. Evidence examined, and *held* to justify a directed verdict.

2. Counties and County Officers: DRAINS: AGENCY: COUNTY SURVEYOR. Under article I, ch. 19, Rev. St. 1913, the county surveyor acts under the mandate of the statute, and not as agent or trustee of the county, and there is no statutory provision making the county liable for his neglect of duty.

3. ———: ———: ———: COUNTY COMMISSIONERS. Under article I, ch. 19, Rev. St. 1913, the board of county commissioners act as agents or trustees of the persons whose property is chargeable with the cost of the work, and not for the county, and the statute having failed to make the county liable for their neglect or delay, this action cannot be maintained.

4. Drains: CONTRACT: AUTHORITY OF COUNTY. The construction company, in entering into the contract mentioned in the opinion, is presumed to have known the extent of the county's authority and the limitations thereof, and to have contracted with reference to such delays as might grow out of the work to be performed.

5. Trial. It is not error to reject documentary evidence of an admitted fact.

APPEAL from the district court for Colfax county: FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*Switzler & Switzler,* for appellants.

*B. F. Farrell, W. B. Sadilek* and *George W. Wertz,* contra.

Heard before MORRISSEY, C.J., FLANSBURG and ROSE., JJ., ALLEN and REDICK, District Judges.

ALLEN, District Judge.

Charles and George K. Thompson, doing business in the trade name of Charles Thompson Company, appealed from the judgment of the district court entered on a directed verdict for the defendants.

During the trial, by leave of court and by interlineation, the plaintiffs amended their amended petition by striking out all allegations respecting the depreciation of the machinery during the time it is said to have been idle, and stated the substance of their claim as follows: "That on account of the acts of the defendant in preventing it from continuing the work in digging the ditch it was compelled to leave on the ground and exposed to the elements all of its machinery; that it was prevented from using said machinery in other work on account of the promises from time to time by the defendants that the marking stakes would be furnished plaintiff so that it could continue its work. Plaintiff says that the damage to plaintiff by reason of increased cost to return machine and crew to the right of way for additional excavation was $100, and loss of use of said machinery was the sum of $4,200, or a total loss of $4,300, for which plaintiff has made claim and demand, and payment has been refused."

By a cross-petition the Union Pacific Railroad Company was brought into the case, but went out on a demurrer, so that the controversy is between the plaintiffs and Colfax county.

June 28, 1917, the Elkhorn Construction Company and Colfax county, by its board of county commissioners, entered into a written contract pursuant to article I, ch. 19, Rev. St. 1913, for the digging of a drainage ditch northwest from the city of Schuyler and across the right of way of the Union Pacific Railroad Company, and for several miles beyond the initial point; but before the work was commenced, and by the consent of the board of county commissioners, the contract was assigned to the plaintiffs, and they became subrogated to the rights, duties and obligations of the construction company thereunder. The

work began August 18, 1917, and ended for that year, because of the frozen condition of the ground, December 6, 1917. The ditch was dug to the south line of the railroad company's right of way and for a distance of 200 feet north thereof, but no marking stakes were placed on the right of way or work done thereafter until after the railroad company was forced to permit it to proceed.

The testimony shows that the plaintiffs requested the county surveyor to place marking stakes from the point where the work ceased December 6, 1917, to the end of the proposed ditch, but he refused to do so until the question of crossing the railroad company's right of way was settled, because the ditch might cause the right of way to be flooded.

It appears that the plaintiffs and Colfax county, acting in good faith, negotiated with the Union Pacific Railroad Company for some months to secure an easement across its right of way, but, failing, therein, the railroad company was forced to yield by a peremptory writ of mandamus issued by the district court July 18, 1918, and the work was resumed the following August and completed November 10, 1918, and full payment was made by the county.

There is no testimony that the plaintiffs made any effort to employ the machinery in other work, or that they took steps to prevent, or to minimize, the damage they claim to have sustained by reason of its lying idle.

Assignments of error 1 and 2 are to the effect that the district court erred in directing a verdict for the defendant on the ground that there was not sufficient evidence to sustain a verdict for the plaintiffs and that there was no question of fact for the jury's determination.

Readily conceding that, in directing a verdict, the court must construe the testimony favorably for the plaintiff, and that it is error to direct a verdict when there is testimony sufficient to support a verdict for the plaintiff, in the absence of countervailing evidence, we have to say that we think that these assignments are not well taken.

The plaintiffs base their right to recover on two propositions: (1) That there was unnecessary delay and neglect on the part of the county surveyor in setting marking stakes from the point north of the railroad company's right of way where the work ceased in 1917 to the end of the proposed ditch so that work could not be promptly resumed in the spring of 1918. This contention, however, is removed from the case when it is remembered that the county surveyor acted under the mandate of the statute, and not as agent or trustee of the county, and there is no statutory provision making the county liable for his neglect of duty. And (2) that there was unnecessary delay and neglect on the part of the board of county commissioners, and therefore damage to the plaintiffs, in procuring the right to carry the work across the railroad company's right of way. But in executing the contract the board of county commissioners acted as trustees for the persons whose property was chargeable with the cost of the work, and not for the county, and, the statute having failed to give the plaintiffs a remedy in damages for their neglect, this action cannot be maintained. *McDonald & Penfield v. Dodge County*, 41 Neb. 905, 908; *Cement Products Co. v. Martin County*, 142 Minn. 480; *Hughes v. Monroe County*, 147 N. Y. 49, 39 L. R. A. 33, and notes; *Snethen v. Harrison County*, 172 Ia. 81; *Plumbing Supply Co. v. Board of Education*, 32 S. Dak. 270; 1 Beach, Public Corporations (1893) sec. 262. Nor is there an implied liability. *Alden v. Todd County*, 140 Minn. 175.

In entering into the contract, the construction company is presumed to have known the extent of the county's authority and the limitations thereon and to have contracted with reference to such delays as might grow out of the work to be performed. *Humbolt County v. Ward Bros.*, 163 Ia. 510.

It is urged that the district court erred in refusing to admit in evidence the pleadings and documents in the case of the State of Nebraska, ex rel. County of Colfax v. Union Pacific Railroad Company, but the ruling was not

erroneous. It was conceded that there was delay in securing the right to cross the railroad company's right of way until July 18, 1918, and, as these documents were offered to prove an admitted fact, they were properly rejected.

Other reasons which would sustain the rulings of the district court readily suggest themselves to the mind, but are not noticed because the court is committed to the doctrine that it will consider no error not assigned.

We have carefully examined the record and find no reversible error. The judgment of the district court is, therefore,

AFFIRMED.