A. C. ELGIN, Appellant, v. GUTHRIE COUNTY, Appellee.

COUNTIES: Negligent Construction of Bridge. A county is not liable for the negligence of county officers in constructing a bridge on a township road.

*Appeal from Guthrie District Court.*—LORIN N. HAYS, Judge.

JUNE 23, 1922.

REHEARING DENIED DECEMBER 15, 1922.

ACTION to recover damages for personal injuries and for injuries to plaintiff's automobile. Defendant's demurrer to the petition was sustained. The plaintiff refused to plead further, and elected to stand upon the ruling. The action was dismissed, and judgment rendered against plaintiff for costs. The plaintiff appeals.—*Affirmed.*

*Lynch & Byers,* for appellant.

*Earl W. Vincent,* for appellee.

PRESTON, J.—It is alleged substantially that, on and for some time prior to November 5, 1921, defendant was constructing a bridge in Grant Township; that said bridge was of rein-

forced concrete, with an aperture 4 feet horizontal by 5 feet perpendicular, and of a total length of 44 feet; that the south end of said bridge was equipped with a drop inlet, designed to permit the waters of the creek to drop from 5 to 6 feet before the same could be carried away; that the outside dimensions of said bridge were about 6 feet from the floor to the top of the concrete, and the width of the concrete on top was about 6 feet; that the aperture cut in the road for the placing of said bridge was about 12 feet deep and 10 feet wide, so that, when the concrete was run, completing the body of the structure, it was from 5 to 6 feet from the top of the natural grade of the road to the top of the concrete construction; that, in making the excavation, the dirt had been thrown upon the west side of the opening, leaving the road on the east level to the edge of the pit, which, after the concrete was run, was about 10 feet wide and 6 feet deep to the top of the concrete bridge; that said bridge was being constructed upon a township road, and, previous to the enactment of the new road law in 1913, had not been known as a county bridge; and that the defendant had never exercised any active authority or dominion over said bridge until it undertook to, and did, construct said bridge, as before set out; that, after defendant had made the excavation and run the concrete, it negligently left the roadway on the east side of said excavation open, without any warning or signal to prevent pedestrians from falling into the excavation and on the concrete; that said open highway was so maintained by defendant on said November 5th, and for several days prior thereto; that, about 9 o'clock in the evening of the date stated, plaintiff was driving his automobile in a westerly direction, and without any warning, and not being aware of the opening before him until he was from 20 to 25 feet thereof, plunged into the same, receiving serious and permanent injuries; that his car was damaged; and that plaintiff was without fault. The injuries are described; also, the damage to his car. On December 19, 1921, he filed his claim, which was disallowed by the board of supervisors. It is further alleged that the supervisors of the defendant county knew of the conditions, and negligently permitted the bridge to remain in said unsafe, unguarded, and dangerous condition.

The demurrer was on the ground that the county is not liable for negligence of county officers in constructing a bridge or culvert on a township road, which bridge was not a county bridge, as county bridges were defined prior to the enactment of Section 1527-s8, Supplemental Supplement to the Code, 1915.

The case is carefully and ably presented by both sides. We understand counsel for appellant to concede that, under the recent decisions of this court, the trial court was justified in sustaining the demurrer. The contention is that the several cases recently decided by this court are wrong, and that the court should take a back-track. The facts in the instant case are similar to, though, of course, not exactly like, the facts in the cases referred to. We have carefully and with much interest read the arguments. We are content with the holding in the cases which appellant seeks to overthrow. It would serve no useful purpose to review the cases or repeat the reasoning thereof. The instant case is ruled by the decisions in *Snethen v. Harrison County*, 172 Iowa 81; *Armstrong v. Harrison County*, (Iowa) 172 N. W. 953 (not officially reported); *Cunningham v. Adair County*, 190 Iowa 913; *Smith v. Jones County*, 190 Iowa 1041; *Renner v. Buchanan County*, 192 Iowa 184; *Person v. Polk County*, 193 Iowa 733. See, also, *Thompson v. Colfax County*, 106 Neb. 351 (183 N. W. 571), citing our *Snethen* case. The *Snethen* case is also referred to, with a number of other cases on the same subject, in the note to *Buckelew v. Middlesex County*, 2 A. L. R. 718, 722.

The judgment is—*Affirmed*.

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.