GEORGE A. HOAGLAND & COMPANY, APPELLEE, V. SCOTTISH UNION & NATIONAL INSURANCE COMPANY OF EDINBURGH, APPELLANT.

FILED MAY 26, 1936.  No. 29677.

*Ziegler, Dunn & Becker,* for appellant.

*Johnsen, Gross & Crawford, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and YEAGER, District Judge.

GOOD, J.

This is a companion case to *Hoagland & Co. v. Insurance Co., ante,* p. 105.

This action involves three policies of insurance covering the same shed and lumber described in the former case. The aggregate of the policies was $9,000, which, together with the policy in the former case, constitutes $14,000 of concurrent insurance, and in this action plaintiff sought

to recover only nine-fourteenths of the loss sustained. Plaintiff had judgment, and defendant has appealed.

The action is based on the same windstorm as that described in the former case. The issues and the evidence in the instant case are practically the same as in the former. ' Reference is made to the opinion in that case for a statement of the issues and facts presented. For the reasons given in that opinion, the same rulings are made in this action.

In the instant case, further complaint is made that the court erred in permitting evidence to be given by a witness for plaintiff as to the violence of the storm a short time previously and at a distance of about four miles from the location of the lumbershed. We think this evidence was competent for the purpose of showing the general stormy condition of the weather in the general vicinity. The evidence was probably of little value, but its weight was for the jury. Defendant apparently overlooks the fact that it also introduced evidence as to the violence and velocity of the wind at a time earlier than when the shed collapsed and at a considerable distance therefrom. We think defendant may not complain of the introduction of evidence of a like character to that which it introduced. In any event, we think the evidence objected to was not harmful to defendant.

For the reasons given herein and in the opinion in *Hoagland & Co. v. Insurance Co., supra,* the judgment is

AFFIRMED.