CLARA DEE MCDANIEL, APPELLANT, V. MERCY FARLOW, APPELLEE.

271 N. W. 905

FILED MARCH 5, 1937. No. 29864.

R. P. Kepler, Wright & Wright and Roland V. Rodman, for appellant.

Morrow & Morrow, contra.

Heard before GOSS, C. J., EBERLY, DAY, PAINE and CARTER, JJ., and ELDRED and CHASE, District Judges.

GOSS, C. J.

Plaintiff appeals from an adverse verdict and judgment thereon.

Plaintiff was a guest of defendant and was injured in an automobile accident when defendant was driving the

car around a curve in the highway between Rushville and Hay Springs and it went off the highway and into a ditch.

The assignments of error relate solely to the exclusion of evidence. The record shows so many questions and offers of proof excluded that we shall treat of them only sufficiently to illustrate the theory on which the evidence was excluded, but we trust in such a manner as to exemplify the true rule as to all.

It was claimed by appellant that immediately after the accident and for several days thereafter appellee discussed the accident with a great many people and disclosed her view with reference to the cause thereof. Appellant vainly sought to get these conversations admitted in evidence. For example, James W. McDaniel, plaintiff's husband, testified that he was at his home in Sidney when he learned that his wife had been injured. He drove that night to Rushville and found her and defendant in the same room in the hospital; that he then had a conversation with defendant as to the accident. When asked to relate the conversation, an objection to the conversation was sustained. Plaintiff's counsel then offered to show that defendant stated in the conversation with McDaniel: "It was all my fault. I was driving too fast." To which offer defendant's counsel objected,—"To which the defendant objects as incompetent, irrelevant and immaterial and no proper foundation laid and it is not a part of the *res gestæ*." This objection was sustained.

The third day after the accident McDaniel and defendant went to a restaurant for lunch, and he testified that he had a conversation with her with reference to the accident, but the court sustained an objection to the question as to what defendant said, if anything, about the speed at which her car was traveling at the time of the accident. Substantially the same matter as heretofore recited was offered to show that Mrs. Farlow again expressed to this witness her sorrow that Mrs. McDaniel had been injured and said "It was all my fault. I was driving so fast that I couldn't make the turn." This evidence, also, was excluded.

Likewise there was excluded the testimony of Myrtle Stinson, a nurse who took care of Mrs. McDaniel in the hospital and whose deposition was taken regarding what was said by Mrs. Farlow as to where the blame for the accident rested, and there was excluded, also, the offer to prove that Mrs. Farlow told the witness it was her fault.

Plaintiff also sought vainly to get in evidence the testimony of Mary Weber, another nurse at the hospital, who testified by deposition that defendant said she was to blame because she was driving too fast.

Defendant was not permitted to answer questions on her cross-examination as to her admissions to Mr. McDaniel, to Myrtle Stinson and to Mary Weber, to the effect that she was driving too fast and was to blame for the accident.

Near the close of the trial plaintiff, in rebuttal, again offered the excluded evidence of McDaniel, Myrtle Stinson and Mary Weber, but it was again excluded.

"The admissions and declarations of a party to an accident against his own interest, upon a material matter, are admissible against him as original evidence, and, where he is examined as a witness in his own behalf, it is unnecessary to lay a foundation for the admission of such evidence by cross-examination." *Young v. Kinney*, 79 Neb. 421, 112 N. W. 558.

Where employer and employee are both sued for negligent acts of the servant while driving the employer's automobile, "Declarations made by the employee in conversation after the accident, and not *res gestæ*, are admissible in evidence against such employee, though not binding upon the employer, and cannot properly be excluded, notwithstanding they may have some ulterior or collateral effect detrimental to the employer's interests." *Berggren v. Hannan, O'Dell & Van Brunt*, 116 Neb. 18, 215 N. W. 556.

"The declarations and admissions of a party to an action, against his own interest, upon a material matter, are admissible against him as original evidence." *Havlik v. Anderson*, 130 Neb. 94, 264 N. W. 146.

Appellee criticizes the petition because it does not state

a cause of action. The specific objection, as we understand it, is that it does not allege, as would probably be more in conventional compliance with our guest statute, that the negligent acts charged amounted to gross negligence. However, the petition pleaded the facts. If the evidence did not show that they amounted to gross negligence no recovery could be had. The trial court considered the petition sufficiently charged the necessary facts and submitted the case to the jury. It was tried on the theory that the petition in effect charged gross negligence. The petition, in alleging the facts, stated that the car was driven by defendant "recklessly," that it was operated at a "reckless rate of speed" around a curve and turn with which defendant was unfamiliar. We are of the opinion the petition stated a cause of action.

Other evidence than we have here reviewed was excluded by the trial court, but it would prolong this opinion unnecessarily to review all the assignments. On another trial the errors, of which we have reviewed typical ones, are not likely to occur. For errors in the exclusion of evidence, the judgment is reversed and the cause remanded for a new trial.

REVERSED.