LEONARD O'HARE, APPELLEE, v. PETRUS PETERSON ET AL., A COPARTNERSHIP, APPELLANTS.

33 N. W. 2d 566

Filed August 6, 1948. No. 32444.

*Torgeson & Halcomb* and *Bernard F. O'Brien,* for appellants.

*Kuns & Van Steenberg,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

Yeager, J.

This is an action by Leonard O'Hare, plaintiff and appellee, against Petrus Peterson and Mamie Peterson, a copartnership, defendants and appellants, for $1,215.25, being the value of certain potatoes sold by plaintiff to defendants. The defendants admit that the amount sued for represented the correct value of the potatoes purchased by them and that the amount had not been paid but they claimed a set-off against the claim in the amount of $730.20 as damages on account of failure of plaintiff to deliver additional quantities of potatoes which defendants contended he had contracted to deliver.

There was a trial to a jury. The jury rejected the contention of defendants and returned a verdict in favor of plaintiff for the full amount of his claim without interest. Judgment was entered for the amount named in the verdict with interest. A motion for new trial was filed. The motion was overruled. From the judgment and the order overruling the motion for new trial defendants have appealed.

There are but two assignments of error. They are that the court erred in overruling the motion for new trial and that the court erred in allowing plaintiff to prove an offer to compromise made by the defendants.

Only the second requires discussion here since the right to a new trial, if it exists, depends on the question of whether or not the court erred in admitting into evidence what defendants contend was an offer of compromise.

The record discloses that on or about March 8, 1947, plaintiff entered into an oral agreement with defendants whereby he agreed to sell and deliver to defendants potatoes. Plaintiff says that no amount was agreed upon. Defendants say that plaintiff agreed to sell all of his potatoes amounting to approximately 3,500 bags. Plaintiff says that he was to receive the market price as it appeared at the time or times of delivery. Defendants say that he agreed to sell by grades at fixed

prices. A decision as to the quantity of potatoes agreed to be sold or the price therefor is not called for here. While delivery was being made the market price was increased and after delivery of a quantity of potatoes with a value representing the amount of money for which plaintiff instituted this action plaintiff refused to deliver any more potatoes. He sold the remainder to another dealer. The last delivery of potatoes to defendants was made on March 8, 1947. On that date plaintiff demanded payment for the potatoes delivered. Defendants agreed to make payment in part on that date but refused payment in full. Plaintiff left without receiving payment either in whole or in part. Without further communication with plaintiff one of the defendants prepared a statement on an account form of the defendants. On this statement appeared the quantity of potatoes received from plaintiff, the grades, the prices for the grades, the total price for all grades or $1,215.25, then was entered an item of $243.40 "Deducted acct no Delivery of 2434 Bags." This amount was subtracted from $1,215.25. A check was drawn for the amount after deduction or $971.85 and this statement and check were sent to the plaintiff. Typed on the back of the check was the following: "This is Payment and settlement in full for all potatoes sold to Peterson & Company to date." Plaintiff did not endorse or cash the check.

As a part of his evidence in chief plaintiff offered in evidence as an exhibit the statement and check. It was received over objection of defendants. The objection was that the exhibit was incompetent, irrelevant, and immaterial, and this was an attempt to show an offer of settlement.

It is this exhibit that defendants say was an offer of compromise made to plaintiff by defendants and therefore inadmissible in evidence.

It is true that an offer of compromise of a claimed cause of action is incompetent as evidence in an action subsequently instituted to enforce the claim. Kierstead

v. Brown, 23 Neb. 595, 37 N. W. 471; Eldridge v. Hargreaves, 30 Neb. 638, 46 N. W. 923; Callen v. Rose, 47 Neb. 638, 66 N. W. 639; Wright v. Morse, 53 Neb. 3, 73 N. W. 211; Boice v. Palmer, 55 Neb. 389, 75 N. W. 849.

Was this evidence under the facts as disclosed by the record an offer of compromise? We think it was not. It has not the elements of an effort to bring about a compromise as that term is defined. This was, in the light of the evidence, a statement of a declaration of indebtedness of defendants to plaintiff and the statement of a fixed amount claimed to be due them from him. There is nothing in the exhibit itself and there was no extraneous evidence the effect of which was to say that in view of equities involved or for the purpose of adjusting their difficulties by mutual consent the statement and check were tendered as a basis of settlement, these being elements of compromise.

Compromise has been defined as follows:

"An arrangement arrived at, either in court or out of court, for settling a dispute upon what appears to the parties to be equitable terms, having regard to the uncertainty they are in regarding the facts, or the law and the facts together."

"An agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their difficulties by mutual consent in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing." Black's Law Dictionary (3rd ed.), p. 382.

If the exhibit is to be characterized it must be characterized in the light of the facts as an admission against interest. It was an admission of the quantity of potatoes sold and the value thereof. Also since the claim of the exhibit against the plaintiff for damages was less than the claim made in his answer plaintiff had the right to have it considered by the jury on the theory of admission against interest.

The applicable rule of law is that material statements

made by an adverse party prior to a trial with regard to a fact or facts in issue inconsistent with the facts alleged or testified to by such party constitute admissions against interest and are receivable in evidence. Young v. Kinney, 79 Neb. 421, 112 N. W. 558; Havlik v. Anderson, 130 Neb. 94, 264 N. W. 146; McDaniel v. Farlow, 132 Neb. 273, 271 N. W. 905; Tuttle v. Wyman, 146 Neb. 146, 18 N. W. 2d 744.

There is another reason why the assigned error that exhibit No. 1 was erroneously admitted in evidence is not available to defendants. The exhibit at the time it was offered was, as pointed out, duly objected to but later on in the presentation of their own evidence the defendants introduced a carbon duplicate of the statement in evidence.

In the early case of Chicago, K. & N. R. R. Co. v. Wiebe, 25 Neb. 542, 41 N. W. 297, it was held that where evidence is introduced over objection but afterwards the objecting party introduced the same evidence or evidence of like character error cannot be predicated thereon. This rule has been consistently followed in later decisions. See, Hoagland & Co. v. Scottish Union & Nat. Ins. Co., 131 Neb. 112, 267 N. W. 242; Allen v. Massachusetts Mutual Life Ins. Co., 149 Neb. 233, 30 N. W. 2d 885.

The judgment of the district court is affirmed.

AFFIRMED.