LAURIE A. MAZANKOWSKI, APPELLANT, v. VAUGHN D. HARDERS AND RICHARD HARDERS, APPELLEES.

293 N. W. 2d 869

Filed July 1, 1980. No. 42768.

Neal E. Stenberg, for appellant.

Luebs, Dowding, Beltzer, Leininger & Smith, for appellees.

Heard before McCown and WHITE, JJ., and COLWELL, KORTUM, and GRANT, District Judges.

GRANT, District Judge.

This is an action for personal injuries and property damages suffered by plaintiff as the result of a collision between an automobile in which plaintiff was riding as a passenger and a farm tractor towing a ditcher, operated by defendant Vaughn Harders, who was acting within the scope of his employment by his uncle, defendant Richard Harders. The accident happened on June 25, 1977, on Route 11, a paved public highway, at a point about 4 miles north of Cairo, Nebraska. The jury returned a verdict for defendants. Plaintiff's motion for a new trial was denied and this appeal followed. Plaintiff alleges that the trial court erred in overruling plaintiff's motion for a directed verdict on the issue of defendants' liability. We agree and, accordingly, reverse and remand the case.

On June 25, 1977, plaintiff's husband was driving an automobile owned by plaintiff and her father from Lincoln, Nebraska, to a wedding at Loup City, Nebraska. Plaintiff was the only passenger in the car. Plaintiff's car was going north on Route 11 and the driver, plaintiff's husband, first saw the tractor and ditcher from the top of a hill about 1 mile south of a lane going west from Route 11 and leading to the farmhouse of defendant Richard Harders. It was about 1/8 of a mile from the top of the hill to the bottom, after which Route 11 is straight and flat for 2 miles. Plaintiff's car approached the tractor, and, according to the testimony of plaintiff and her husband, he slowed down, checked for traffic coming from the other direction, signalled the intention to move into the passing lane, pulled into the passing lane, and began to pass the tractor-ditcher rig at a speed of about 55 miles per hour. As plaintiff's vehicle was overtaking the tractor-ditcher rig, defendant Vaughn Harders made a sharp, almost 90-degree, left turn into the farm lane and the collision resulted. Testimony offered by defendants differed generally

only in that the wife of defendant Richard Harders and a friend testified that, at the time the plaintiff's automobile was passing the tractor, its speed was 75 to 80 miles per hour.

Defendant Vaughn Harders testified that, shortly before the accident, he was traveling at 18 miles per hour. At a point about 100 feet south of Richard Harders' farm lane he saw plaintiff's car an estimated 1/4 mile behind him. Vaughn was not able to form an estimate of the speed of plaintiff's car and he did not look to the rear again before beginning his left-hand turn. Vaughn further testified that, when he was 50 feet from the farm lane, he idled the tractor down to 6 miles per hour and proceeded toward the farm lane at that speed. Vaughn testified he did not give any signal and that, as he reached the farm lane, he made a 90-degree left turn into the lane and the collision resulted. At the time of impact, the tractor was facing nearly straight west with its front wheels 4 or 5 feet off the pavement and with the ditcher behind the tractor, at a slight angle and approximately in the center of the paved portion of the 24-foot paved highway. The tractor and the attached ditcher were each slightly longer than 12 feet.

Aside from the speed of plaintiff's car at the moment of the attempted passing maneuver, there is essentially no dispute in the evidence. It is clear that Vaughn Harders' actions in failing to look again to the rear after seeing plaintiff's car approaching and in failing to give any signal of his intention to make a left-hand turn, constitute negligence as a matter of law. This case fits almost squarely into the fact situation set out in *Keller v. Wellensiek,* 186 Neb. 201, 204-05, 181 N.W.2d 854, 857 (1970), where the court stated:

> The plaintiff moved at the close of the evidence for a directed verdict against Lee Wellensiek on the issue of negligence as a matter of law. This motion should have

been sustained. The undisputed facts show that the tractor was proceeding north on its right-hand side of the highway. Plaintiff came up behind the tractor and turned into the left-hand lane for the purpose of passing the tractor. The driver of the tractor, without indicating any intention to turn, turned left across the highway between intersections to enter a private lane. The tractor was not equipped with a signaling device and its operator gave no signal of his intention to turn. The result was he drove the tractor into plaintiff's oncoming car and the accident occurred. This is negligence on the part of the driver of the tractor as a matter of law.

It is clear that if testimony presented by defendant be assumed as true, plaintiff's husband, driving the car, was speeding at the time of the collision; but it is settled law that any negligence of the driver-husband could not be imputed to the passenger-wife under the facts presented in this case. See *Bartek v. Glasers Provisions Co., Inc.,* 160 Neb. 794, 71 N.W.2d 466 (1955). Additionally, defendants' counsel, at the instruction conference, candidly stated, "Judge, I don't think that we can get an Instruction on contributory negligence with these facts."

This leaves only the question of causation. Plaintiff need not prove that the negligence of defendant Vaughn Harders was the sole proximate cause of the accident, but only that such negligence either concurred with the negligence of the other driver to cause the accident or that defendant's negligence proximately contributed to the accident. It has long been the law of Nebraska, as stated in *Stark v. Turner,* 154 Neb. 268, 274-75, 47 N.W.2d 569, 573 (1951), "Where the independent tortious acts of two persons combine to produce an injury indivisible in

its nature, either tortfeasor may be held for the entire damage—not because he is responsible for the act of the other, but because his own act is regarded in law as a cause of the injury." Here, the admitted independent tortious acts of defendant Vaughn Harders in failing to look for traffic which he knew was approaching him from the rear during the last 100 feet of an extremely slow traffic movement and in failing to signal a left turn into a private drive between intersections, is, as a matter of law, at least a proximately concurring cause of the resulting collision.

There being no dispute that defendant Vaughn Harders was acting within the scope of his employment with defendant Richard Harders at the time of the collision, plaintiff's motion for a directed verdict against both defendants on the issue of liability should have been granted. This disposition of the case makes determination of the other alleged error presented by plaintiff unnecessary.

This case is remanded for determination of the issue of damages only.

REVERSED AND REMANDED.