VANCE A. TEEGERSTROM, PERSONAL REPRESENTATIVE OF THE ESTATE OF DANIEL W. TEEGERSTROM, DECEASED, APPELLEE, V. H. J. JEFFRIES TRUCK LINE, INC., A CORPORATION, AND RAYMOND E. MANSFIELD, DEFENDANTS AND THIRD-PARTY PLAINTIFFS, APPELLANTS AND CROSS-APPELLEES, WARREN L. CARLSON, THIRD-PARTY DEFENDANT AND COUNTERCLAIMANT, APPELLEE AND CROSS-APPELLANT.

346 N.W.2d 411

Filed March 30, 1984. No. 83-553.

Kenneth R. Lang and Vincent Valentino of Angle, Murphy, Lang & Valentino, for appellants H. J. Jeffries Truck Line and Mansfield.

James A. Beltzer of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellee Carlson.

No appearance for appellee Teegerstrom.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

The estate of Daniel W. Teegerstrom, deceased, brought a wrongful death action against appellants, H. J. Jeffries Truck Line, Inc., and Raymond E. Mansfield. Jeffries Truck Line and Mansfield filed a third-party claim for indemnity or contribution from the decedent's host driver, appellee and cross-appellant Warren L. Carlson. Carlson in turn filed a counterclaim against Jeffries Truck Line and Mansfield. At the close of all the evidence the trial court dismissed both the third-party claim and the counterclaim. We reverse and remand for a new trial.

On May 19, 1978, Daniel Teegerstrom was a passenger on a motorcycle owned and operated by Carlson. As they were traveling southbound on U.S. Highway 81, and at a point approximately a mile south of Stromsburg, Nebraska, the motorcycle was involved in a collision with a tractor-trailer type truck. Teegerstrom was killed instantly, while Carlson escaped with relatively minor injuries.

The personal representative of Teegerstrom's estate instituted a suit against Jeffries Truck Line of Oklahoma City, Oklahoma, and against the owner and driver of the truck, Mansfield, who had leased his vehicle to Jeffries Truck Line. Jeffries Truck Line and Mansfield filed a third-party action against

Carlson, alleging that Carlson's negligent operation of the motorcycle was either the sole or a concurrent proximate cause of the accident, and asked that if a judgment were entered against them in favor of the Teegerstrom estate, a judgment of indemnity or contribution be entered against Carlson in their favor. Carlson counterclaimed against Jeffries Truck Line and Mansfield for his medical expenses, pain and suffering, loss of earnings, and the value of his motorcycle.

Prior to trial, Jeffries Truck Line and Mansfield consented to the entry of a $30,000 judgment against them in favor of the Teegerstrom estate. The case then proceeded to trial on the claims of Jeffries Truck Line and Mansfield for indemnity or contribution from Carlson, and on Carlson's counterclaim against Jeffries Truck Line and Mansfield.

At trial each party presented evidence, including expert testimony, to support its respective theories of how the collision occurred. Jeffries Truck Line contended that Mansfield followed the Carlson motorcycle out of Stromsburg, and as Mansfield was in the process of overtaking the motorcycle while traveling southbound in the northbound lane of the two-lane highway, Carlson attempted to change lanes or make a left turn, running under the trailer the truck tractor was pulling.

Carlson contended that as he was approaching the intersection at which he intended to turn left, he signaled his turn and pulled into the northbound lane in order to allow the truck to pass him on the right. He then noticed the truck in the same lane and tried unsuccessfully to avoid it. Carlson claimed the truck struck the motorcycle from the rear.

At the conclusion of the evidentiary presentation by all parties, the trial court dismissed each party's action.

The issues presented by the claimed errors assigned and discussed in the brief filed by Jeffries Truck Line and Mansfield are (1) whether the then

guest statute, Neb. Rev. Stat. § 39-6,191 (Reissue 1978), applies to an action for indemnity or contribution from the host driver, (2) whether, even if the gross negligence standard is applicable, the degree of Carlson's negligence and the apportionment of damages presented jury questions, and (3) whether the trial court erred by paraphrasing for the jury the contents of the consent judgment instead of allowing a copy of the judgment into evidence.

Although Jeffries Truck Line and Mansfield devote a portion of their brief to the question of whether application of the guest statute to an action for indemnity or contribution from the host driver constitutes an unconstitutional denial of equal protection of the laws as guaranteed by the federal and state Constitutions, the issue was not properly raised in the trial court. It is, and has long been, the rule that for a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court. If it has not been raised in the trial court, it will be considered to have been waived. *State v. Hiross*, 211 Neb. 319, 318 N.W.2d 291 (1982); *Lucas v. Board of Equalization*, 165 Neb. 315, 85 N.W.2d 638 (1957), *cert. denied* 356 U.S. 938, 78 S. Ct. 780, 2 L. Ed. 2d 813 (1958). That question is therefore not properly before us and will not be considered.

The sole issue presented by Carlson's assignment of error on the cross-appeal concerning his counterclaim is whether the issue of his contributory negligence was for the jury.

As to the first issue presented by Jeffries Truck Line and Mansfield, it appears that most, if not all, courts which have considered the matter have rejected a claim for contribution where the guest statute would preclude recovery by the guest from the host. The reasoning generally has been that in such a case the common liability required to support contribution does not exist between the host and other driver or that one not directly liable to his passenger

should not be liable by indirection. See cases collected in Annot., 26 A.L.R.3d 1283 (1969), which uniformly hold that where a guest statute precludes recovery by the guest from the host, contribution will not lie. We have previously determined that, generally, a common liability must exist in order for there to be contribution. That is to say, each party must be liable to the same person. *Rawson v. City of Omaha*, 212 Neb. 159, 322 N.W.2d 381 (1982); *Royal Ind. Co. v. Aetna Cas. & Sur. Co.*, 193 Neb. 752, 229 N.W.2d 183 (1975).

Although Jeffries Truck Line and Mansfield cite no case which departs from the holdings collected in Annot., 26 A.L.R.3d, *supra*, they attempt to analogize this situation to those presented in cases wherein the doctrine of interspousal tort immunity is held not to bar contribution from a negligent spouse. *Smith v. Southern Farm Bureau Casualty Ins. Co.*, 247 La. 695, 174 So. 2d 122 (1965); *Wirth v. City of Highland Park*, 102 Ill. App. 3d 1074, 430 N.E.2d 236 (1981). While the analogy may, at first glance, seem appropriate, an examination of the policies supporting our guest statute and the doctrine of interspousal tort immunity belies the suggested parallelism. While both policies have as their ostensive aim the prevention of collusive lawsuits, *Botsch v. Reisdorff*, 193 Neb. 165, 226 N.W.2d 121 (1975), and *Imig v. March*, 203 Neb. 537, 279 N.W.2d 382 (1979) (abrogating the common-law doctrine of interspousal tort immunity), the guest statute has as a central purpose the encouragement of hospitality by preventing a nonpaying guest passenger from collecting damages from a nongrossly negligent host. *Botsch v. Reisdorff, supra*. On the other hand, the doctrine of interspousal immunity, which had its roots in the now discredited common-law notion that the " 'husband and wife were one person, and that person was the husband,' " *Imig v. March, supra* at 542, 279 N.W.2d at 385, has as its present-day central purpose the prevention of marital discord. *Id*. In a

suit for contribution against one spouse, the marital partners are not pitted against each other; the possibility that a suit for contribution would likely occur was foreseeable when the injured spouse initiated suit against a third party. Moreover, there is the strong likelihood that any contribution the negligent spouse must make to the nonspouse tort-feasor will be paid from the damages awarded to the injured spouse. In short, allowing contribution actions against a negligent spouse does not strongly promote marital discord. Such cannot be said for the policy of promoting hospitality if contribution actions were held to lie against a less than grossly negligent host driver. The host driver would be penalized for his hospitality, whether compelled to pay damages directly to the guest or indirectly by way of being required to contribute to the payment of a judgment obtained against another who was only ordinarily negligent.

We conclude, therefore, that there can be no contribution between a host driver and the driver of the other vehicle where the guest statute would preclude a judgment in favor of the guest passenger against the host driver.

Jeffries Truck Line and Mansfield next contend that even if Carlson is entitled to the guest statute's requirement that his liability be based on a finding of gross negligence, the trial court erred in dismissing their petition, because the question of whether Carlson was grossly negligent was one for the jury. This issue must be tested in accordance with the rule that the party against whom a motion for dismissal is directed is entitled to have all material and relevant evidence submitted on its behalf treated as true, to have every controverted fact resolved in its favor, and to have the benefit of every inference which can reasonably be deduced from the evidence. See, *Cullinane v. Interstate Iron & Metal*, *ante* p. 245, 343 N.W.2d 725 (1984); *Bank of Valley v. Mattson*, 215 Neb. 596, 339 N.W.2d 923 (1983). The

evidence most favorable to Jeffries Truck Line and Mansfield is that Carlson failed to look to the rear at a time when he could have avoided the accident, and turned left far in advance of the intersection. Jeffries Truck Line presented evidence that the truck was in the process of overtaking Carlson when Carlson turned his motorcycle under the truck.

In *Robinson v. Hammes*, 173 Neb. 692, 697-98, 114 N.W.2d 730, 733 (1962), we stated: " 'In an action for gross negligence under the automobile guest statute, where there is adequate proof of negligence, a verdict should be directed for defendant only where the court can clearly say that it fails to approach the level of negligence in a very high degree under the circumstances. In all other cases, it must be left to the jury to determine whether it amounts to gross negligence or to mere ordinary negligence.' [Citations omitted.]

"A general definition by this court is the following: 'Gross negligence, within the meaning of section 39-740, R. S. 1943, means negligence in a very high degree, or the absence of even slight care in the performance of a duty.' [Citations omitted.]"

In light of the fact that Carlson was operating a relatively small motorcycle of limited power while carrying a helmetless passenger upon a major highway, it cannot be said as a matter of law, if the facts are viewed most favorably to Jeffries Truck Line and Mansfield, that Carlson was not grossly negligent in failing to look to the rear sooner than he did and in turning left as soon as he did. The trial court therefore erred by dismissing the third-party claims of Jeffries Truck Line and Mansfield.

This is an appropriate place to consider Carlson's contention that the trial court erred by dismissing his counterclaim for damages from Jeffries Truck Line and Mansfield.

In viewing the evidence most favorably to Carlson, he was about three-eighths of a mile from the intersection at which he intended to turn left when he

viewed the truck in his rearview mirrors. He waited for oncoming traffic to clear and, when about 500 feet from the intersection, signaled a left turn and moved into the oncoming traffic lane in order not to impede the speed of the traffic behind him. At this time the truck was still in its proper traveling lane. When Carlson was 200 feet from the intersection, he noticed the truck was right behind him, and his subsequent evasive maneuvering proved unsuccessful. In order to recover upon a negligence claim, the claimant must not have been contributorily negligent in a degree more than slight when compared to the negligence of the defendant. Neb. Rev. Stat. § 25-1151 (Reissue 1979); *Davis v. Phillips*, 215 Neb. 184, 337 N.W.2d 754 (1983).

Jeffries Truck Line and Mansfield have cited no case supporting their contention that Carlson's presence in the left-hand, oncoming traffic lane in preparation for a left turn at the approaching intersection constitutes negligent conduct as a matter of law under Carlson's version of the facts.

The cases cited to us by Jeffries Truck Line and Mansfield in support of the trial court's dismissal of Carlson's counterclaim concern left turns off highways at places other than intersections and are therefore not applicable. *Zeiger v. Farmers Co-op Assn.*, 212 Neb. 933, 327 N.W.2d 43 (1982); *Mazankowski v. Harders*, 206 Neb. 583, 293 N.W.2d 869 (1980); *Petersen v. Schneider*, 153 Neb. 815, 46 N.W.2d 355 (1951).

While Carlson's maneuver, under his version of the facts, may strike one as something less than the most cautious conduct, the question of whether he was more than slightly negligent is for the jury.

Therefore, the second assignment of error urged by Jeffries Truck Line and Mansfield is well taken, as is the assignment of error urged by Carlson. The questions as to the degree of Carlson's negligence and as to his contributory negligence are for the jury, as would be the matter of apportioning dam-

ages, should Carlson be found by the jury to have been grossly negligent.

. We quite frankly do not understand the complaint made by the third assignment of error urged by Jeffries Truck Line and Mansfield with respect to the trial court's treatment of the consent judgment between them and the Teegerstrom estate. Although it appears that a request was made to have the judgment document itself marked as an exhibit, we do not understand that it was offered. First of all, Carlson's answer to the third-party complaint admitted all relevant facts concerning the consent judgment. Thus, there existed no issue among the parties as to that matter. It is not error to reject documentary evidence of an admitted fact. *Thompson v. Colfax County*, 106 Neb. 351, 183 N.W. 571 (1921). All that was required was an instruction to the jury advising it as to facts in that regard. In any event, the comments of the trial judge to the jury and the evidence adduced concerning the matter fully informed the jury that Jeffries Truck Line and Mansfield jointly agreed to compromise and settle the estate's claim against them for $30,000. An employee for Jeffries Truck Line testified that the truckline paid $30,000 in accordance with that agreement. Had the matter been submitted to the jury, there would have existed no prejudicial error in this connection.

The cause is remanded for a new trial both as to the third-party complaint of Jeffries Truck Line and Mansfield and as to Carlson's counterclaim, and as to the apportionment of damages, should Jeffries Truck Line and Mansfield prove Carlson to have had a joint liability to the Teegerstrom estate.

REVERSED AND REMANDED
FOR A NEW TRIAL.