MARCIA COBURN, AS MOTHER AND NEXT FRIEND OF
DUSTIN COBURN, APPELLEE, V. MARTIN F. REISER, PERSONAL
REPRESENTATIVE OF THE ESTATE OF JAMES L. REISER, DECEASED,
THIRD-PARTY PLAINTIFF, APPELLANT, DOUGLAS R. COBURN AND
BOYD COUNTY, NEBRASKA, A BODY POLITIC AND CORPORATE,
THIRD-PARTY DEFENDANTS, APPELLEES.

577 N.W. 2d 289

Filed April 23, 1998. Nos. S-96-654, S-96-655.

Thomas A. Grennan and Alison L. McGinn, of Gross & Welch, P.C., for appellant.

David D. Ernst and Lisa M. Meyer, of Gaines, Mullen, Pansing & Hogan, for appellee Douglas R. Coburn.

CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

This case involves an automobile accident between James L. Reiser and Douglas R. Coburn (Coburn), which resulted in the death of James Reiser.

When the accident occurred, James Reiser was driving northbound on a county road approximately 5 miles west of Spencer, Nebraska. At the same time, Coburn was driving eastbound on a county road approximately 5 miles west of Spencer. As Coburn traveled east on the county road toward Spencer, he approached an unmarked and uncontrolled intersection. As Coburn entered the intersection, his truck collided with James Reiser's truck, killing Reiser and causing personal injuries to the passengers in the Coburn vehicle. The passengers in Coburn's vehicle included Coburn's wife, Marcia Coburn, and their son, Dustin Coburn.

Marcia Coburn filed suit in Boyd County District Court against Martin F. Reiser (Reiser), James Reiser's personal representative, both individually and on behalf of Dustin Coburn. In response, Reiser filed an "amended third-party petition" against Coburn in each of the pending cases. Coburn demurred to Reiser's third-party petitions, which demurrers the district court sustained.

Reiser filed his second amended third-party petitions and Coburn again demurred, contending the petitions failed to state a cause of action or to allege facts constituting gross negligence. The district court sustained Coburn's demurrers without stating the grounds for so doing. Reiser elected to stand on his second amended third-party petitions, and in turn, the district court dismissed the third-party petitions. Reiser then filed a notice of appeal in each case.

As previously stated, the district court did not state the reasons for sustaining Coburn's demurrers. In this respect, we have consistently stated that when a demurrer is interposed stating several grounds, the court sustaining the demurrer should specify the grounds upon which the demurrer is sustained. *Pratt v. Nebraska Bd. of Parole*, 252 Neb. 906, 567 N.W.2d 183 (1997). If the court sustaining the demurrer does not specify the grounds for sustaining the demurrer, an appellate court is not informed in regard to wherein the complaint was determined to be deficient. *Id.*

We should not be required to examine all of the grounds in order to see if one or more of the grounds were well taken. *Clyde v. Buchfinck*, 198 Neb. 586, 254 N.W.2d 393 (1977). However, when there are no specific findings before the court, the court must review the grounds of the demurrer to determine if any one objection, or any objections taken together, support the trial court's decision to sustain the demurrer and dismiss the action. *Pratt, supra*. That is, if the ground or grounds upon which the demurrer was sustained do not authentically appear, considering all the grounds assigned becomes necessary. *Martin v. City of Lincoln*, 155 Neb. 845, 53 N.W.2d 923 (1952).

Coburn's demurrers alleged that Reiser's second amended third-party petitions did not state facts sufficient to constitute a cause of action upon which relief could be granted and that the petitions failed to allege facts constituting gross negligence. In his second amended third-party petitions, Reiser alleged (1) the collision and damages involved were caused by Coburn's negligence; (2) the collision and damages were caused by Coburn's gross negligence; (3) the Nebraska guest statute had been impliedly repealed by operation of the Nebraska comparative negligence statutes; (4) the Nebraska guest statute violates Neb. Const. art. I, §§ 13, 16, and 25; Neb. Const. art. III, § 18; and the Equal Protection Clause of the 14th Amendment to the U.S. Constitution; and (5) Coburn's negligence should be apportioned by the jury via the Nebraska comparative negligence statutes, or contribution should be awarded in an amount reflecting Coburn's negligence.

The rules regarding demurrers are well settled. In an appellate court's review of a ruling on a general demurrer, the court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but the court is not required to accept as true the conclusions of the pleader. See *Billups v. Scott*, 253 Neb. 287, 571 N.W.2d 603 (1997). In considering a demurrer, a court must assume that the facts pled, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence

which might be adduced at trial. *Giese v. Stice*, 252 Neb. 913, 567 N.W.2d 156 (1997). In addition, a demurrer reaches only defects which appear on the face of a petition and admits all allegations of fact which are relevant, material, and well pled, but does not admit the pleader's conclusions of law. *Pratt, supra*.

In determining whether a cause of action has been stated, the petition is to be construed liberally. *Giese, supra*. If, as so construed, the petition states a cause of action, a demurrer based on the failure to state a cause of action is to be overruled. *Id*. A statement of "facts sufficient to constitute a cause of action," as used in Neb. Rev. Stat. § 25-806(6) (Reissue 1995), means a narrative of events, acts, and things done or omitted which shows a legal liability of the defendant to the plaintiff. *Giese, supra; Pratt, supra*.

In the case at bar, Marcia Coburn filed suit against Reiser. Reiser responded by filing a third-party suit against Coburn, requesting apportionment or contribution. In *Teegerstrom v. H. J. Jeffries Truck Line*, 216 Neb. 917, 920-21, 346 N.W.2d 411, 414 (1984), we denied such a claim and specifically held that

it appears that most, if not all, courts which have considered the matter have rejected a claim for contribution where the guest statute would preclude recovery by the guest from the host. The reasoning generally has been that in such a case the common liability required to support contribution does not exist between the host and other driver or that one not directly liable to his passenger should not be liable by indirection. See cases collected in Annot., 26 A.L.R.3d 1283 (1969), which uniformly hold that where a guest statute precludes recovery by the guest from the host, contribution will not lie. We have previously determined that, generally, a common liability must exist in order for there to be contribution. That is to say, each party must be liable to the same person.

The Nebraska guest statute, Neb. Rev. Stat. § 25-21,237 (Reissue 1995), provides in part that

[t]he owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person related to such owner or operator as spouse or within the second

degree of consanguinity or affinity who is riding in such motor vehicle as a guest or by invitation and not for hire, unless such damage is caused by (1) the driver of such motor vehicle being under the influence of intoxicating liquor or (2) the gross negligence of the owner or operator in the operation of such motor vehicle.

Therefore, under the Nebraska guest statute and our holding in *Teegerstrom, supra,* a third party can maintain an action for contribution or indemnity only where the host driver is intoxicated or grossly negligent. As Reiser did not allege that Coburn was intoxicated, did he appropriately allege gross negligence?

Gross negligence is great or excessive negligence, which indicates the absence of even slight care in the performance of a duty. *Youngs v. Potter,* 237 Neb. 583, 467 N.W.2d 49 (1991). In both third-party petitions, Reiser contended Coburn was either negligent or grossly negligent in (1) failing to look to the right until after he was already in the intersection; (2) failing to yield the right-of-way to the Reiser vehicle; (3) failing to maintain any lookout whatsoever until he was in the intersection; (4) driving under the false belief that he was on a "through road" and that there were stop signs for northbound and southbound traffic at the intersecting road in question, when, in fact, it was not a "through road" and was actually an uncontrolled intersection; (5) failing to keep his vehicle under reasonable and proper control; (6) traveling at an excessive rate of speed under the circumstances then and there existing; and (7) accelerating his vehicle once he reached the intersection.

In reviewing the allegations contained in the petition, we begin by noting that we are required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom. *Billups v. Scott,* 253 Neb. 287, 571 N.W.2d 603 (1997). In so doing, we cannot clearly say or definitely determine that reasonable minds would not differ in determining whether the multiple acts of negligence allegedly committed by Coburn did or did not constitute gross negligence. See, *Teegerstrom, supra*; *Paxton v. Nichols,* 157 Neb. 152, 59 N.W.2d 184 (1953).

In addition, a plaintiff claiming gross negligence under the Nebraska guest statute is not necessarily required to prove that

the facts alleged amounted to gross negligence at the pretrial stages of the lawsuit. Rather, the plaintiff need only *allege* that "the negligent acts charged amounted to gross negligence." *McDaniel v. Farlow*, 132 Neb. 273, 276, 271 N.W. 905, 907 (1937). In *McDaniel*, the court said

> [t]he specific objection . . . is that [the petition] does not allege . . . that the negligent acts charged amounted to gross negligence. However, the petition pleaded the facts. If the evidence did not show that they amounted to gross negligence no recovery could be had. The trial court considered the petition sufficiently charged the necessary facts and submitted the case to the jury. It was tried on the theory that the petition in effect charged gross negligence. The petition, in alleging the facts, stated that the car was driven by defendant "recklessly," that it was operated at a "reckless rate of speed" around a curve and turn with which defendant was unfamiliar. We are of the opinion the petition stated a cause of action.

*Id.*

The petition in the instant case comported with the direction given by the court in *McDaniel*, and therefore, the demurrer should have been overruled.

Reiser also claims that the Nebraska guest statute is unconstitutional. This court has consistently held the Nebraska guest statute constitutional. See, *Cushing v. Bernhardt*, 210 Neb. 272, 313 N.W.2d 688 (1981); *Beebe v. Sorensen Sand & Gravel Co.*, 209 Neb. 559, 308 N.W.2d 829 (1981); *Kreifels v. Wurtele*, 206 Neb. 491, 293 N.W.2d 407 (1980); *Wagner v. Mines*, 203 Neb. 143, 277 N.W.2d 672 (1979); *Circo v. Sisson*, 193 Neb. 704, 229 N.W.2d 50 (1975); *Lubash v. Langemeier*, 193 Neb. 371, 227 N.W.2d 405 (1975); *Botsch v. Reisdorff*, 193 Neb. 165, 226 N.W.2d 121 (1975); *Clarke v. Weatherly*, 131 Neb. 816, 270 N.W. 316 (1936). This assignment of error is without merit.

The remaining assignments of error need not be discussed. The judgment of the trial court is reversed, and the cause is remanded for trial on the merits.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

WHITE, C.J., participating on briefs.